**Robert M. TEMPLE, Plaintiff–Appellant,**

v.

**James P. CELEBREZZE, Judge of the Domestic Relations Court, Defendant–Appellee.**

No. 03–4078.

United States Court of Appeals, Sixth Circuit.

March 23, 2004.

Robert M. Temple, Bristolville, OH, pro se.

Linda L. Woeber, Kimberly Vanover Riley, Montgomery, Rennie & Jonson, Cincinnati, OH, for Defendant–Appellee.

Before BATCHELDER and GIBBONS, Circuit Judges; and BEER, District Judge.*

### ORDER

Robert M. Temple, an Ohio resident proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The facts underlying this lawsuit are adequately set forth in the district court's memorandum of opinion and order dated June 3, 2003, and will not be repeated herein. Suffice it to say that Temple filed this action against Cuyahoga County Domestic Relations Court Judge James P. Celebrezze claiming that he was unfairly found to be in contempt of court by Judge Celebrezze and was sentenced to ten days in jail. Temple sought compensatory and punitive damages. The district court determined that Judge Celebrezze was entitled to absolute immunity and dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(6). Temple's motion to alter or amend the judgment, filed pursuant to Fed.R.Civ.P. 59(e), and motion to amend the complaint were denied. This timely appeal followed.

We review de novo a district court's decision to dismiss a suit pursuant to Rule 12(b)(6). See Bloch v. Ribar, 156 F.3d 673, 677 (6th Cir.1998); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). We must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. See Sistrunk, 99 F.3d at 197.

Upon review, we conclude that the district court properly dismissed Temple's complaint for failure to state a claim. Judges are absolutely immune from suit for monetary damages unless the action complained of was nonjudicial or was performed in the complete absence of jurisdiction. Mireles v. Waco, 502 U.S. 9, 9–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Neither exception applies in this case and the absolute immunity of the defendant therefore compelled dismissal. Contrary to Temple's claim on appeal, Judge Celebrezze clearly had subject matter jurisdiction over the underlying domestic relations case. His issuance of a contempt order in the course of the proceedings in that case, while arguably in error, is a judicial act entitled to immunity. A judge will not be deprived of immunity because the action he took was performed in error, done maliciously, or was in excess of authority. See Stump v. Sparkman, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

Finally, the district court properly denied Temple's Rule 59(e) motion to alter or amend the judgment and motion to amend the complaint. The Rule 59(e) motion and proposed amended complaint would be subject to dismissal for the same reasons that Temple's original pleading was dismissed.

---

* The Honorable Peter Beer, United States District Judge for the Eastern District of Louisiana, sitting by designation.

804

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.