OPINION
{¶ 1} Appellant, Robert Temple ("appellant"), filed this appeal seeking reversal of a decision dismissing his complaint pursuant to Civ.R. 12(B)(1) and (6). For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} Appellant's original complaint, filed March 23, 2006, named as defendants: Governor Robert Taft; Judge Peter C. Economus of the United States District Court for the Northern District of Ohio; Judge James Celebreeze (sic) of the Cuyahoga County Court of Common Pleas, Domestic Relations Division; the Board of Commissioners of Cuyahoga County; Judges Basholder (sic) and Gibbons of the United States Sixth Circuit *Page 2 
Court of Appeals; Judge Beer of the United States District Court for the Eastern District of Louisiana; Attorney Jill Friedman-Helfman; and the law firm of Taft, Stettius (sic) Holster (sic).
 {¶ 3} Appellant's complaint is, for the most part, incomprehensible. What can be gleaned from the complaint and the documents attached is that appellant was found in contempt of court during a divorce proceeding in front of Judge Celebrezze of the Cuyahoga County Court of Common Pleas, Domestic Relations Division. That decision was reversed by the Eighth District Court of Appeals because the order appellant was found in contempt for violating had not been signed at the time of the alleged violation.
 {¶ 4} Appellant then filed an action in federal court pursuant to Section 1983, Title 42, U.S. Code against Judge Celebrezze, alleging that the court's decision holding him in contempt of court was a violation of his civil rights. The action was assigned to Judge Peter Economus of the United States District Court for the Northern District of Ohio, who issued a decision dismissing appellant's complaint on the ground that appellant's claim was barred by the immunity that attaches to judicial decision-making. Temple v. Celebrezze, (N.D. Ohio, June 3, 2003), Case No. 4:03 CV 689. The United States Court of Appeals for the Sixth Circuit, with Judges Batchelder, Gibbons, and Beer serving as the panel, affirmed Judge Economus' decision. Temple v. Celebrezze (C.A. 6, 2004), 93 Fed. Appx. 802, 2004 U.S. App. LEXIS 5980.[1]
 {¶ 5} On March 24, 2006, the trial court issued a Pre-Screening Entry dismissing Governor Taft; Judges Economus, Celebrezze, Batchelder, Gibbons, and Beer; the *Page 3 
Cuyahoga County Board of Commissioners; Attorney Friedman-Helfman; and the law firm from the action because pursuant to R.C. 2743.02(E), only state agencies and instrumentalities can be defendants in the Court of Claims. The trial court further directed appellant to file an amended complaint naming a state department, board, office, commission, agency, institution, or other state instrumentality. Appellant responded by filing an "amended complaint" that dropped the federal judges as defendants, and added the Ohio Attorney General and the Ohio Supreme Court. The "amended complaint" was actually simply a two-page document purporting to change the caption of the complaint, and did not specifically incorporate the allegations in the complaint. The trial court then struck from the list of defendants the other parties that had already been dismissed because they were not state agencies or instrumentalities, leaving as the only defendants the Ohio Attorney General, the Office of the Governor of Ohio, and the Ohio Supreme Court (collectively "appellees").
 {¶ 6} Appellees filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6). Appellant responded by filing a motion for judgment on the pleadings, arguing that the motion to dismiss in lieu of filing an answer was improper. The trial court granted the appellees' motion to dismiss, and appellant filed this appeal.
 {¶ 7} Appellant alleges eight assignments of error, as follows:
 ERROR ONE: THEREFORE; THE PLAINTIFF STATES THAT THE COURT OF CLAIMS FAILED IN REVIEWING THE APPELLANT'S CLAIMS BEFORE THEM AS TO O.R.C. 9.86
AS TO THE IMMUNITIES AND LIABILITY AS TO THE ABOVE ACTS OF JUDGE CELEBREEZE (sic), WHEN NAMED AS A DEFENDANT IN A FEDERAL ACTION BEFORE THE FEDERAL COURT AND SPEAKING WITH THE FEDERAL JUDGE AS TO WHEN HE REALLIZED (sic) HE DID NOT DATE AND SIGN AN ORDER AND WHEN HE DID REALIZE HIS ERROR THAT HE BACK DATED AND *Page 4 
SIGNED SAID ORDER HOLDING THE APPELLANT IN CONTEMPT THE DAY HE SIGNED AND BACK DATED ORDER. WHERE THE EIGHTH DISTRICT STATE COURT OF APPEALS STATED WAS AN ABUSE OF DISCRETION.
 ERROR TWO: THAT THE COURT OF CLAIMS FAILED TO WAIVE THE PLEADING OF THE A.A.G. WHEN SHE DID NOT PLEAD AGGRESSIVELY ON THE ISSUE OF IMMUNITIES BUT INSTEAD FILED A MOTION FOR A 12(B)(6) MOTION TO DISMISS SAID ACTION FILED BY THE APPELLANT STATING IT WAS INDECIPHERABLE.
 ERROR THREE: THE COURTS OF CLAIMS ARE (sic) IN ERROR AS THEY FAILED IN THEIR OBJECTIVE AS TO PROMOTE ITS OBJECT AND IN ASSISTING PARTIES IN OBTAIN JUSTICE AS TO CIVIL RIGHTS COMPLAINT.
 ERROR FOUR: THE COURT OF CLAIMS AS TO O.R.C. 2743.02(F) WAS SET FORTH WITH SPECIAL JURISDICTION TO HEAR CASES WHEN THE STATE IS NAMED AS A DEFENDANT AND ADDRESS IMMUNITIES OF PUBLIC OFFICIALS WHO IN FACT HAVE DENIED A CITIZEN OF THIS STATE OF OHIO CIVIL RIGHTS AS TO A FAIR AND IMPARTIAL COURT HEARING.
 ERROR FIVE: THAT THE COURT OF CLAIMS AND THE A.A.G. BOTH STATED THAT APPELLANT WAS ATTEMPTING TO RELITIGATE HIS DIVORCE BECAUSE HE WAS UNHAPPY ON THE OUTCOME OF THOSE PROCEEDINGS. THE COMPLAINT OF THE APPELLANT IS IN PLAIN ENGLISH BRING FORTH HIS RIGHTS WERE DENIED AND CAUSED HIM TO SUFFER FROM A DENIAL OF DUE PROCESS AND HIS CONSTITUTIONAL CIVIL RIGHTS TO A FAIR AND UNPREJUDICE PROCEEDIING IN FEDERAL COURT WHERE HIS CIVIL RIGHTS WERE DENIED WHEN JUDGES CONSPIRED AND SPOKE ON THE APPELLANT'S CLAIMS BEFORE THE FEDERAL COURT AND WHERE AS JUDGE CELEBREEZE (sic) WAS NAMED AS A DEFENDANT, THERE FORE (sic) A DENIAL OF APPELLANT'S CIVIL RIGHTS IS BEFORE THE COURT OF CLAIMS, NOT HIS DIVORCE. U.S.C.A. 14TH AMENDMENT.
 ERROR SIX: THAT THE COURT OF CLAIMS DID NOT FOLLOW THE LAWS AS TO OHIO JURISPRUDENCE, COURTS AND JUDGES #323. *Page 5 
 ERROR SEVEN: THAT THE COURT OF CLAIMS DID NOT ADDRESS THE CLAIMS AS TO THE DENIAL OF THE APPELLANTS CIVIL RIGHTS UNDER A 1983 ACTION AND THAT JUDGE CELEBREEZE (sic) ACTED WITH A RECKLESS AND WANTON MANNER WHEN SPEAKING TO THE FEDERAL JUDGE IN EX PARTE COMMUNICATION TO COMMIT A CONSPIRACY TO COMMIT A LEGAL FRAUD AND OBSTRUCTION JUSTICE, WHICH HE SWORE TO PROTECT AND ENFORCE THE SUBSTANTIVE LAWS OF THE STATE AND ABIDE BY THE OHIO AND FEDERAL CONSTITUTION.
 ERROR EIGHT: THAT THE COURT OF CLAIMS SHOULD NOT DISMISS A CIVIL RIGHTS ACTION AT THE PLEADING STAGE, THEREFORE SHOWING THAT THE OHIO STATE LAW BY THEIR COURTS ARE INADEQUATE TO PROTECT THE CITIZENS OF THIS STATES CIVIL RIGHTS. THAT THE COURT OF CLAIMS FAILED TO PROVIDE AND FOLLOW THAT A 1983 ACTION IS TO GIVE REMEDY TO A PLAINTIFF DEPRIVED OF HIS RIGHT ARISING OUT OF THE CONSTITUTION AND LAWS BY AN OFFICIALS ABUSE OF HIS POSITION.
 {¶ 8} We construe appellant's first, fourth, and seventh assignments of error as claims that the trial court improperly dismissed Judge Celebrezze as a defendant without first considering appellant's claim that the judge should be denied immunity.[2] Appellant points to R.C.2743.02(F), which provides:
 A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and *Page 6 
whether the courts of common pleas have jurisdiction over the civil action. The officer or employee may participate in the immunity determination proceeding before the court of claims to determine whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code.
R.C. 109.36(A)(2) specifically provides that "officer or employee" does not include any person elected, appointed, or employed by a political subdivision. Thus, the trial court correctly concluded that Judge Celebrezze is not an officer or employee subject to a determination regarding immunity in the Court of Claims, and the Court of Claims therefore had no jurisdiction to consider appellant's claims against the judge.
 {¶ 9} Furthermore, it is clear that appellant has already unsuccessfully litigated the question of Judge Celebrezze's immunity in the actions he filed in the United States District Court. Consequently, even if the Court of Claims did have jurisdiction to consider the issue of Judge Celebrezze's immunity, appellant would be barred from collaterally attacking the decisions rendered by the United States District Court finding that Judge Celebrezze was immune. Thus, we overrule appellant's first, fourth, and seventh assignments of error.
 {¶ 10} We construe appellant's third, fifth, and sixth assignments of error as claiming that the trial court improperly dismissed his Section 1983, Title 42, U.S. Code action on the ground that the Court of Claims lacks jurisdiction to hear such actions. The trial court's decision on this point was based on Civ.R. 12(B)(1). The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether "any cause of action cognizable by the forum has been raised by the complaint." State ex rel.Bush v. Spurlock (1989), 42 Ohio St.3d 77,80, 537 N.E.2d 641. It is well-settled that the Court of Claims does not have subject matter jurisdiction to entertain Section 1983, Title 42, U.S. Code actions. *Page 7 Burkey v. Southern Ohio Correctional Facility (1988),38 Ohio App.3d 170, 528 N.E.2d 607. Consequently, the trial court correctly concluded that appellant's Section 1983, Title 42, U.S. Code action was not cognizable by the forum in which the action was filed. Therefore, we overrule appellant's third, fifth, and sixth assignments of error.
 {¶ 11} In his second assignment of error, appellant argues that appellees were required to assert immunity as an affirmative defense by filing an answer, rather than by filing a motion to dismiss. However, Civ.R. 12(B) specifically allows some defenses, including the defenses of lack of subject matter and failure to state a claim from which relief can be granted, to be raised by motion prior to the filing of an answer or other responsive pleading. Thus, appellees were not required to file an answer asserting any affirmative defenses prior to filing their motion to dismiss for lack of subject matter jurisdiction and for failure to stage a claim for which relief can be granted. Consequently, appellant's second assignment of error is overruled.
 {¶ 12} In his eighth assignment of error, appellant argues that his civil rights claim could not be dismissed at the pleading stage. As discussed previously, the Court of Claims did not have subject matter jurisdiction to consider appellant's civil rights claim, and it was therefore appropriate to dismiss the claim by way of a Civ.R. 12(B)(1) motion. Further, it is clear that the trial court was also correct in its analysis under Civ.R. 12(B)(6).
 {¶ 13} A Civ.R. 12(B)(6) motion is a motion testing the sufficiency of the complaint, and is limited to consideration only of the factual allegations contained in the complaint, including all attachments.State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 605 N.E.2d 378. The standard to be applied is whether, presuming all of the factual allegations of the complaint and its attachments, and making all reasonable *Page 8 
inferences in favor of the non-moving party, it appears beyond all doubt that the plaintiff can prove no set of facts that would warrant recovery. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,532 N.E.2d 753.
 {¶ 14} As previously discussed, the trial court correctly dismissed as defendants all those parties named as defendants that were not state agencies or instrumentalities. Consequently, the only defendants properly before the court were the Office of the Governor, the Attorney General, and the Supreme Court. Appellant's complaint did not make any allegations regarding any of these entities. As such, the complaint does not set forth any facts that warrant recovery against appellees, and dismissal under Civ.R. 12(B)(6) was appropriate. Therefore, we overrule appellant's eighth assignment of error.
 {¶ 15} Having overruled all of appellant's assignments of error, we affirm the judgment of the Ohio Court of Claims dismissing appellant's complaint.
Judgment affirmed.
BROWN, and FRENCH, JJ., concur.
[1] We also note that appellant subsequently filed a separate action in the United States District Court naming as defendants all of the parties named as defendants in appellant's complaint in the Court of Claims. That action was dismissed, and appellant was enjoined from filing any further actions with the court without first seeking permission. Temple v. Economus (N.D. Ohio, May 4, 2006), Case No. 4:06 CV 664.
[2] It does not appear that appellant is arguing that dismissal of any of the other defendants named in the initial complaint was improper. *Page 1