DECISION AND JUDGMENT ENTRY
{¶ 1} In this accelerated appeal, appellant, Lin TV Corp., d.b.a. WUPW-TV ("WUPW"), appeals a judgment of the Maumee Municipal Court.
 {¶ 2} On May 12, 2006, WUPW filed a complaint against appellee, Roth Insurance Agency, Inc. ("Roth") in which it contended that Roth owed WUPW $7,410 plus the statutory rate of interest per annum from May 31, 2005. *Page 2 
Attached to the complaint was a document captioned "Credit Information Guarantee Agreement." The upper portion of the document authorizes WUPW to obtain information from the credit references listed by Roth and is signed by R. Jay Roth, the "owner and/or principal in Roth Insurance Agency, Inc." The lower portion of the document that contains the guarantee agreement is blank and unsigned. WUPW also appended a number of monthly invoices that it sent to Roth to its complaint for advertising services performed on behalf of Roth. The complaint alleges that Roth paid only $440 to WUPWs collection agency on this account, leaving a balance of $7,410.
 {¶ 3} Instead of an answer, Roth filed a Civ.R. 12(B)(6) motion to dismiss WUPWs complaint for failure to state a claim upon which relief could be granted. In its motion, Roth pointed out that the only portion of the agreement/contract that it signed was the agreement to allow WUPW to perform a credit check. Roth, therefore, maintained that WUPW failed to offer an agreement/contract upon which it could base a claim for any monies allegedly owed to WUPW by Roth.
 {¶ 4} In response, WUPW urged that Roth induced WUPW to enter into oral agreements for advertising services based upon the proffered credit agreement, that the parties entered into oral agreements with regard to those services, and that WUPW performed the agreed upon services. In the alternative, WUPW asked the municipal court for leave to amend its complaint to include a claim of estoppel. Roth filed a memorandum in opposition in which it again argued that the court should dismiss WUPWs case because it was based upon a nonexistent contract and, in addition, to deny *Page 3 
the motion for leave to amend its complaint. WUPW filed a motion to strike Roth's memorandum in opposition.
 {¶ 5} On December 29, 2006, the trial court denied WUPW's motion for leave to amend its complaint and granted Roth's motion to dismiss for failure to state a claim upon which relief could be granted. WUPW timely appeals that judgment and asserts the following assignments of error:
 {¶ 6} "I. The trial court erred in granting Defendant-Appellee's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civil Rule 12(B)(6)."
 {¶ 7} "II. The trial court abused its discretion in granting Defendant-Appellee's motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Civil Rule 12(B)(6)."
 {¶ 8} "III. The trial court erred by not allowing Plaintiff-Appellant to Amend its complaint in lieu of [sic] Rule 12(B)(6) dismissal."
 {¶ 9} Although WUPW sets forth three assignments of error, it does not argue them separately. For ease of discussion, we shall address Assignments of Error Nos. I and II together because they each simply ask this court to apply a different standard of review in determining whether the trial court erred in granting Roth's Civ.R. 12(B)(6) motion.
 {¶ 10} We engage in a de novo review of the grant or denial of a Civ.R. 12(B)(6) motion to dismiss. Perrysburg Twp. V. Rossford,103 Ohio St.3d 79, 2004-Ohio-4362, ¶ *Page 4 
5. Thus, appellant's Assignment of Error No. II, which asks this court to apply an abuse of discretion standard, is found not well-taken.
 {¶ 11} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural in nature and assesses the sufficiency of the complaint and all attachments to the complaint.Temple v. Ohio Attorney Gen., 10th Dist. No. 06AP-988, 2007-Ohio-1471,¶ 13, citing, State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.
(1992), 65 Ohio St.3d 545, 548. The allegations in the complaint must be construed as true. Maitland v. Ford Motor Co., 103 Ohio St.3d 463,2004-Ohio-5717, ¶ 11. It must appear beyond doubt from the complaint and attachments, and all reasonable inferences therefrom, that the plaintiff can prove no set of facts entitling it to recovery. Temple v. OhioAttorney Gen. at ¶ 13, citing Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192.
 {¶ 12} In the present case, the only written "contract" attached to WUPW's complaint is an agreement that allowed WUPW to investigate Roth's credit references. Ohio, however, is a notice-pleading state. York v.Ohio State Highway Patrol (1991), 60 Ohio St.3d 143, 144. Upon reviewing WUPW's complaint, which alleges partial payment on an account between the parties as true, as well as the attached invoices, we conclude that a reasonable inference would be that this is an action brought on an account for the failure to pay for agreed upon advertising services that were performed by WUPW. Accordingly, WUPW's Assignment of Error No. I is found well-taken. *Page 5 
 {¶ 13} In its Assignment of Error No. III, WUPW contends that the trial court erred in denying its motion to amend its complaint as an alternative to a dismissal made pursuant to a Civ.R. 12(B)(6).
 {¶ 14} Civ.R. 15(A) provides that a trial court must freely give leave to amend a complaint when "justice so requires." A trial court's determination of whether to grant a motion for leave to amend a complaint will not be reversed on appeal absent an abuse of discretion.Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co. (1991),60 Ohio St.3d 120, 122 (Citation omitted.). In order to demonstrate an abuse of discretion, a party must show more than an error of law; rather, that party must establish that the court's attitude in reaching its decision was arbitrary, unreasonable, or unconscionable. Id. In light of the fact that we have determined that the trial court erred in granting Roth's Civ.R. 12(B)(6) motion, we find that the trial court did not abuse its discretion in denying WUPW's motion for leave to amend its complaint "in lieu" of that dismissal. WUPW's Assignment of Error No. III is found not well-taken.
 {¶ 15} On consideration whereof, this court finds that substantial justice was not done the party complaining, and the judgment of the Maumee Municipal Court is reversed. This cause is remanded to that court for further proceedings consistent with this judgment. Roth Insurance Agency, Inc., is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT REVERSED. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J. Judge, Mark L. Pietrykowski, P.J. Judge, Thomas J. Osowik, J. Judge, CONCUR. *Page 1