[Cite as *Pryor v. St. Coleman & Affiliates Fed. Credit Union*, 2024-Ohio-2810.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DWAYNE PRYOR,                                    :

    Plaintiff-Appellant,                     :

                                 No. 113450

    v.                                           :

ST. COLMAN & AFFILIATES                          :
FEDERAL CREDIT UNION,

                                 :

    Defendant-Appellee.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 25, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-986788

---

### *Appearances:*

Dwayne Pryor, *pro se.*

Weltman, Weinberg, and Reis, and Denise M. Leskovec,
*for appellee.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Plaintiff-appellant Dwayne Pryor ("Pryor") appeals the trial court's decision to deny his motion for default judgment and grant defendant-appellee, St. Colman & Affiliates Federal Credit Union's ("St. Colman" or "bank") motion to dismiss. Finding no merit to the appeal, we affirm.

{¶ 2} On October 12, 2023, Pryor filed a pro se complaint against the bank. He subsequently filed an amended complaint on October 20, 2023, in which he alleged the following:

> Count One - Quantum Meruit: (1) the provision of valuable services or materials [were] plaintiff's credits, (2) the services or materials to the plaintiff [were] negotiable instruments, (3) the plaintiff accepted the goods or services, (4) the plaintiff had reasonable notice that the defendant would perform the service or furnish the material, which defendant never put plaintiff on notices that it was his own credits.

{¶ 3} Pryor's prayer for relief stated:

> Wherefore Dwayne Pryor plaintiff moves this honorable court to enter an order for summary judgment, and accounting of all plaintiff's negotiable instruments back plus 8 percent interest, and account with defendant bank open and account balance to zero, with such and future remedy as the court may deem reasonable just under the circumstances.

{¶ 4} On November 14, 2023, Pryor filed a motion for default judgment, arguing that St. Colman's had failed to answer the complaint. The bank filed a motion to dismiss pursuant to Civ.R. 12(B)(6) on November 15, 2023. On November 17, 2023, the trial court granted the bank's motion to dismiss and denied Pryor's motion for default judgment as moot.

{¶ 5} It is from these orders that Pryor now appeals, raising the following assignment of error for our review:

> The trial court error was the judge['s] discretion on relief in which remedy is applicable, remedy was applied but was dismissed for lack of relief, the appellee filed after 28 days of default judgment, the case law was irrelevant to this court jurisdiction that was cited, the judge was prompted ruling on other decision except my objection, the appellee has no grounds in support of [a] motion to dismiss and appellee [was] aware of an complaint but utterly disregarded the notice of the forgoing complaint.

{¶ 6} Civ.R. 12(B)(6) motions to dismiss are reviewed on appeal under a de novo standard. "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *NorthPoint Properties v. Petticord*, 2008-Ohio-5996, ¶ 11 (8th Dist.), citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992). Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *NorthPoint Properties* at *id.*, citing *Byrd v. Faber*, 57 Ohio St.3d 56 (1991). "For a trial court to grant a motion to dismiss for failure to state a claim upon which relief can be granted, it must appear 'beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her [or him] to relief.'" *Graham v. Lakewood*, 2018-Ohio-1850, ¶ 47 (8th Dist.), quoting *Grey v. Walgreen Co.*, 2011-Ohio-6167, ¶ 3 (8th Dist.).

{¶ 7} In determining a motion to dismiss pursuant to Civ.R. 12(B)(6), the court "cannot rely on evidence or allegations outside the complaint . . . ." *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997). However, "unsupported conclusions made in the complaint are not accepted as true" and are insufficient to withstand a motion to dismiss. *Vagas v. Hudson*, 2009-Ohio-6794, ¶ 7 (9th Dist.), citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190 (1988).

{¶ 8} Pryor's complaint sets forth one cause of action, which he titled "Quantum Meruit." Quantum meruit, also called quasi-contract or contract implied in law, is "a legal fiction created to prevent an unjust enrichment when a benefit is

conferred by a plaintiff onto a defendant with knowledge by the defendant of that benefit and the retention of that benefit under circumstances when it would be unjust to do so without payment." *Vandyne v. Faldoski*, 2023-Ohio-2370, ¶ 16 (7th Dist.), citing *In re Guardianship of Freeman*, 2002-Ohio-6386, ¶ 29 (4th Dist.). "To prevail on a claim of quantum meruit, a plaintiff must show (1) the plaintiff conferred a benefit upon the defendant; (2) the defendant had knowledge of the benefit; and (3) the defendant retained the benefit under circumstances where it would be unjust to do so without payment." *Faldoski* at *id.*, citing *A N Bros. Corp. v. Total Quality Logistics, LLC*, 2016-Ohio-549, ¶ 42 (12th Dist.).

{¶ 9} Civ.R. 8(A) provides, in relevant part, that "[a] pleading that sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the party is entitled to relief[.]" "Even under 'notice' pleading, a complaint must be more than 'bare assertions of legal conclusions.' At the very least, facts as to when and where the allegations took place are essential to provide the fair notice anticipated by the Civil Rules." *Bratton v. Adkins*, 1997 Ohio App. LEXIS 3550, *1 (9th Dist. Aug. 6, 1997).

{¶ 10} Pryor's complaint fails to make any allegations as to St. Colman's and he pled no facts entitling him to relief. Pryor attached no supporting documents to his complaint nor identified any account or loan he has with St. Colman's. The statements in the complaint are also broad and conclusory. Although Civ.R. 8(A) only requires that a complaint contain "a short and plain statement of the claim . . . [,]" "'[a] complaint must be more than bare assertions of legal

conclusions.'" *Stewart v. Woods Cove II, L.L.C.*, 2017-Ohio-8314, ¶ 42 (8th Dist.), quoting *Vagas v. Hudson*, 2009-Ohio-6794, ¶ 10 (9th Dist.). Pryor has not alleged sufficient facts in his complaint to support any claim for relief.

{¶ 11} Pryor's claim that he is entitled to relief under the theory of quantum meruit is a legal conclusion, which he did not support by citing to any statutes, case law, or facts. The complaint, therefore, is insufficient to satisfy notice pleading requirements and fails to state a claim upon which relief can be granted. Accordingly, the trial court did not err in dismissing his claim.

{¶ 12} The trial court also did not err in denying Pryor's motion for default judgment as moot. "Civ.R. 12(B) specifically allows some defenses, including the defenses of lack of subject matter and failure to state a claim from which relief can be granted, to be raised by motion prior to the filing of an answer or other responsive pleading." *Guillory v. Ohio Dept. of Rehab. & Correction*, 2008-Ohio-2299, ¶ 5 (10th Dist.), citing *Temple v. Ohio Atty. Gen.,* 2007-Ohio-1471 (10th Dist.). Parties are not required to file an answer prior to filing their motion to dismiss for failure to state a claim for which relief can be granted. *Guillory* at *id.*

{¶ 13} In his motion for default judgment, Pryor argued that the bank failed to respond to his claim within 28 days. *See* Ohio Civ.R. 12(A)(1) ("The defendant shall serve his [or her] answer within twenty-eight days after the service of summons and complaint . . . ."). This is simply not true. Pryor filed his amended complaint

on October 20, 2023, and his motion for default judgment on November 14, 2023.[1] The bank responded to the complaint with a motion to dismiss on November 15, 2023, the day after the filing of the motion for default judgment and less than 28 days after the filing of the amended complaint. Thus, the bank's response, in the form of a motion to dismiss, was timely.

{¶ 14} The sole assignment of error is overruled.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

MARY J. BOYLE, P.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR

---

[1] The docket does not indicate when the amended complaint was served on the bank.