OPINION *Page 2 
{¶ 1} In this consolidated matter, Patrick Lionel Guillory, aka Timothy Hunter, plaintiff-appellant, appeals from two judgments of the Ohio Court of Claims, in which the court dismissed appellant's complaints.
 {¶ 2} Appellant is an inmate at Marion Correctional Institution ("MCI"), which is operated by the Ohio Department of Rehabilitation and Correction ("ODRC"), defendant-appellee. In October 2006, appellant had a disagreement with a case manager, Lesley Pegg, and filed a complaint with the case manager's supervisor, Art James. Two days after filing the complaint, appellant was placed in the segregation unit. Appellant then filed a grievance, detailing his concern that he was retaliated against and placed in segregation based upon his complaint and that MCI had denied him access to his legal material while in segregation. In November 2006, the inspector of institutional services investigated appellant's allegations and found appellant was improperly placed in segregation and improperly denied his legal material.
 {¶ 3} On January 22, 2007, and February 20, 2007, appellant filed complaints in the Court of Claims against ODRC. In the January 22, 2007 action, appellant alleged ODRC improperly placed him in segregation in retaliation for his complaint, improperly denied him his legal material, and improperly reduced his inmate account balance to zero while in segregation. In the February 20, 2007 action, appellant alleged ODRC's improper segregation prevented him from completing his recovery services class, thereby making him ineligible for judicial release. On February 22, 2007, and March 23, 2007, ODRC filed motions to dismiss in each case pursuant to Civ. R. 12(B)(1) and (6), asserting the Court of Claims lacked jurisdiction to hear retaliatory claims and claims based on conditions of *Page 3 
confinement. On May 15, 2007, an oral hearing was held at MCI before a magistrate. On July 18 and 26, 2007, the magistrate filed decisions dismissing appellant's complaints, finding that claims of retaliation and conditions of confinement are constitutional claims, which the Court of Claims lacks jurisdiction to entertain, and, as to the other claims, ODRC is entitled to discretionary immunity for executive or planning functions involving a high degree of official judgment and discretion. Appellant filed objections to the magistrate's decisions. On October 2 and 8, 2007, the Court of Claims issued judgments overruling appellant's objections. Appellant appeals the judgments, asserting the following assignments of error:
 [I.] THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE APPELLANT IN ALLOWING THE APPELLEE TO SUBSTITUTE AND TREAT A MOTION TO DISMISS FOR AN ANSWER, MISUSING CIVIL RULE 12 (B) (1) (6).
 [II] THE TRIAL COURT ERR[ED] IN LOOKING AT MATTERS OUTSIDE THE PLEADINGS TO THE PREJUDICE OF THE APPELLANT DURING ORAL HEARING HELD MAY 15, 2007.
 [III] TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED ERROR BY STATING IN ITS JUDGEMENT [sic] THAT APPELLANT LISTED CONSTITUTIONAL CLAIMS, WHEN EVEN APPELLEE SUBMITTED AN AFFIDAVIT CLAIMING THAT NO CONSTITUTIONAL CLAIMS EXIST IN APELLANT[']S COMPLAINT.
 {¶ 4} Appellant argues in his first assignment of error that the Court of Claims erred when it allowed ODRC to file, in place of an answer, motions to dismiss for failure to state a claim upon which relief can be granted and for lack of jurisdiction. However, Civ. R. 12(B) clearly permits a party to file, in lieu of an answer, motions to dismiss for failure to state a claim upon which relief can be granted and for lack of jurisdiction. Civ. R. 12(B) provides, in pertinent part: *Page 4 
 How presented
 Every defense, in law or fact, to a claim for relief in any pleading * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19 or Rule 19.1. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. * * *
 {¶ 5} In summarizing Civ. R. 12(B), this court has explained before, "Civ. R. 12(B) specifically allows some defenses, including the defenses of lack of subject matter and failure to state a claim from which relief can be granted, to be raised by motion prior to the filing of an answer or other responsive pleading." Temple v. Ohio Atty. Gen., Franklin App. No. 06AP-988, 2007-Ohio-1471, at ¶ 11. Thus, parties are "not required to file an answer * * * prior to filing their motion to dismiss for lack of subject matter jurisdiction and for failure to sta[t]e a claim for which relief can be granted." Id. Accordingly, filing a Civ. R. 12(B) motion is an alternative to answering the complaint, and a defendant who files such a motion need not answer the complaint until after the motion is decided. Baker v. Ohio Dept. of Rehab. Corr. (2001),144 Ohio App.3d 740, 754. If the defendant prevails on the motion, he or she may never have to answer. Id. In the present case, ODRC properly raised the defenses of lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted by motion prior to filing answers to appellant's complaints. Consequently, the trial court committed no error, and appellant's first assignment of error is overruled. *Page 5 
 {¶ 6} Appellant argues in his second assignment of error that the trial court erred when it considered matters outside the pleadings in deciding ODRC's motions to dismiss. The trial court dismissed appellant's complaints based upon Civ. R. 12(B)(1) and (6). Civ. R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. The standard of review for a dismissal pursuant to Civ. R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint. Milhoan v. E.Local School Dist. Bd. of Edn., 157 Ohio App.3d 716, 2004-Ohio-3243, at ¶ 10. We review an appeal of a dismissal for lack of subject-matter jurisdiction under Civ. R. 12(B)(1) de novo. Moore v. Franklin Cty.Children Servs., Franklin App. No. 06AP-951, 2007-Ohio-4128, at ¶ 15. A trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction under Civ. R. 12(B)(1), and it may consider pertinent material without converting the motion into one for summary judgment. Southgate Dev. Corp. v. Columbia GasTransmission Corp. (1976), 48 Ohio St.2d 211, paragraph one of the syllabus.
 {¶ 7} Pursuant to Civ. R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief. Celeste v. Wiseco Piston, 151 Ohio App.3d 554,2003-Ohio-703, at ¶ 12. A Civ. R. 12(B)(6) motion to dismiss tests the sufficiency of a complaint. O'Brien v. University Community TenantsUnion (1975), 42 Ohio St.2d 242, 245. In ruling on a motion to dismiss, the court must conduct a de novo review, construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff. Mitchell *Page 6 v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. In contrast to motions, pursuant to Civ. R. 12(B)(1), the court may not rely on allegations or evidence outside the complaint in addressing a motion under Civ. R. 12(B)(6) unless, with reasonable notice to the parties, it treats the motion as a Civ. R. 56 motion for summary judgment. Civ. R. 12(B); State ex rel. Natalina Food Co. v. Ohio Civil Rights Comm.
(1990), 55 Ohio St.3d 98, 99.
 {¶ 8} In the present case, appellant argues that the magistrate and trial court erred in considering evidence outside the complaints. However, regardless of whether the trial court proceeded under Civ. R. 12(B)(1) or (6), our review of the record fails to indicate that the trial court or magistrate considered any evidence outside the complaints. Both of the magistrate's decisions and the trial court's judgments cite only factual allegations that can be gleaned from appellant's complaints. Specifically, the whole of the evidence and factual allegations relied upon by the magistrate and trial court in their decisions was the following: appellant was an inmate at MCI; appellant alleged he had an argument with Pegg; he filed an informal complaint with James; James ordered that he be placed in solitary confinement; James' act was in retaliation for appellant's filing the complaint; ODRC denied him access to legal materials; ODRC misstated the value of his inmate account; appellant was enrolled in a recovery services class at MCI; appellant needed the class to apply for judicial release; appellant missed class because he had been placed in solitary confinement; and because appellant did not receive a certificate of completion for the class, he was ineligible for judicial release.
 {¶ 9} A review of the complaints filed in these cases reveals that appellant outlined all of the above factual allegations in his complaints. Also, the record contains no transcripts of any hearings, and, thus, we are without any evidence that the magistrate or *Page 7 
trial court considered outside allegations or evidence in the course of the proceedings. In sum, we can find no evidence that the magistrate or trial court considered evidence outside the complaints. It is appellant's duty to point out where in the record his alleged error can be substantiated. Vos v. Village of Washingtonville, Columbiana App. No. 03-CO-20, 2004-Ohio-1388, at ¶ 23. As appellant has failed in this essential task, we can find no error. For these reasons, appellant's second assignment of error is overruled.
 {¶ 10} Appellant argues in his third assignment of error that the trial court abused its discretion when it stated in its judgment that appellant raised constitutional claims in his complaints. It appears appellant is contending that the trial court mischaracterized his negligence claims as constitutional claims. In appellant's February 20, 2007 complaint, appellant does use the term "negligent" or "negligence" in several passages:
 I was denied my [recovery services class] certificate, clearly retaliated on, and treated in a grossly negligent manner-which hindered my Recovery and potential supportive release.
 * * *
 Under the Claim of Reckless Negligence and Crule [sic] Punishment these DRC Agents . . . 1.) Broke several statutory duties owed to me to reside in MCI without retaliation, intimidation, and Wrongful Denial.
In appellant's January 22, 2007 complaint, appellant also uses the term "negligence" in several passages:
 In the informal complaint the plaintiff stated that he wished not to escalate a difficult situation into an impossible one and was very respectful and civil while Art James responded with reckless negligence and willful abuse of power when the plaintiff expressed his concerns in the informal complaint.
 * * * *Page 8 
 Under this claim of cruel and unusual punishment[,] Art James caused me * * * 2.) Under Negligence he breached a statutory duty owed to me to reside within MCI without being RETALIATED AGAINST, INTIMIDATED, AND/OR NEEDLESSLY BEING PLACED INTO SOLITARY CONFINEMENT FOR EXERCISEING [sic] MY LEGAL RIGHT TO FILE COMPLAINTS AND GRIEVANCES WITHOUT Harm.
 {¶ 11} However, in determining whether an action sets forth a claim upon which relief can be granted, a trial court should look to the body of the complaint. Pallat Son Ins. Agency v. Smith (July 28, 1977), Cuyahoga App. No. 36190. The mere fact that claims in a complaint are couched in certain legal terms is insufficient to confer jurisdiction upon a court. See State ex rel. Columbia Gas of Ohio, Inc. v.Henson, 102 Ohio St.3d 349, 2004-Ohio-3208, at ¶ 19. Instead, in order to resolve the issue of whether a court has subject-matter jurisdiction over a party's claims, the court must look beyond the language used in the complaint and examine the underlying nature of the claims. Id., at ¶ 20.
 {¶ 12} In the case sub judice, although appellant's complaints lack clarity as to the precise causes of action raised, it is clear from the body of the complaints that the underlying nature of the "negligence" claims quoted above are not claims of negligence. Specifically, the above-quoted claims can be summarized by the following: James retaliated against appellant when James placed him in segregation; James caused cruel and unusual punishment; and ODRC retaliated against appellant when it denied his certificate of completion for the recovery services class. All of these claims fall into one or more of the following classifications: (1) a constitutional claim; (2) a retaliatory claim; or (3) a claim based upon unlawful conditions of confinement. None of these categories of claims are actionable in the Court of Claims. It is well-established that the Court of Claims *Page 9 
lacks subject-matter jurisdiction over alleged violations of constitutional rights and claims arising under Section 1983, Title 42, U.S. Code (" § 1983"). Bleicher v. Univ. of Cincinnati College ofMed. (1992), 78 Ohio App.3d 302. In Deavors v. Ohio Dept. of Rehab. Corr. (May 20, 1999), Franklin App. No. 98AP-1105, this court held that an inmate's claims regarding retaliatory conduct are properly classified as constitutional claims actionable under § 1983, and, thus, cannot be brought in the Court of Claims. Likewise, insofar as the above allegations may be viewed as relating to appellant's conditions of confinement, inmate complaints regarding the conditions of confinement are treated as claims arising under § 1983. State ex rel. Carter v.Schotten (1994), 70 Ohio St.3d 89, 91. Accordingly, we concur with the trial court that the above-cited claims in appellant's complaints were not negligence claims and they were not actionable.
 {¶ 13} We have also reviewed the other allegations in appellant's complaints and agree with the trial court that none of the other claims raised were actionable in the Court of Claims. In his complaints, appellant additionally alleged that MCI's cashier retaliated against him when she reduced his inmate account to zero and when she failed to forward his legal materials while he was in segregation, and that appellant was unable to attend his recovery services class in violation of due process and in contravention of ODRC policy. However, for the same reasons explained above, the underlying nature of these allegations are likewise deemed constitutional claims and, thus, cannot be raised in the Court of Claims.
{¶ l4} Furthermore, insofar as appellant alleges or implies that MCI's cashier "stole" the balance of his inmate account, pursuant to R.C. 2931.03, the court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor *Page 10 
offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas. The Court of Claims was created, pursuant to R.C. 2743.03, and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in R.C. 2743.02. R.C. 2743.02 does not confer jurisdiction to the Court of Claims to consider criminal charges that should be adjudicated in courts of common pleas. See Donaldson v. Court of Claimsof Ohio (May 19, 1992), Franklin App. No. 91AP-1218. Thus, it is clear that the Court of Claims has no jurisdiction over alleged criminal violations by ODRC's employees. Therefore, for the foregoing reasons, we find none of the claims raised in appellant's complaints are actionable in the Court of Claims, and appellant's third assignment of error must be overruled.
{¶ l5} Accordingly, appellant's first, second, and third assignments of error are overruled, and the judgments of the Ohio Court of Claims are affirmed.
Judgments affirmed.
 McGRATH, P.J., and TYACK, J., concur. *Page 1