| | |
|---|---|
| VICTORIA C. SHEPPARD, Ph.D. | Case No. 2015-01053 |
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Robert Van Schoyck |
| v. | DECISION |
| OHIO BOARD OF REGENTS, et al. | |
| Defendants | |

{¶1} On January 22, 2016, defendants filed a motion to dismiss pursuant to Civ.R. 12(B)(6). On January 29, 2016, plaintiff filed a response; however, there is no certificate of service to demonstrate that the document was served upon counsel for defendants, as required under Civ.R. 5. It has been stated before, in the magistrate's order of January 29, 2015, that pursuant to Civ.R. 5(B)(4) documents filed with the court "shall not be considered until proof of service is endorsed thereon or separately filed."

{¶2} On February 22, 2016, plaintiff filed a motion for leave to amend her complaint. Once again, there is no certificate of service to demonstrate that the motion was served upon counsel for defendants as required under Civ.R. 5. Moreover, the motion only seeks to add party-defendants, namely individuals whom the court previously dismissed from this action on December 23, 2015, on the basis that only instrumentalities of the state can be defendants in original actions in the court of claims. Therefore, plaintiff's motion is DENIED as moot.

{¶3} In construing defendants' motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190 (1988). Then, before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling her to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975).

{¶4} According to the complaint, plaintiff unsuccessfully applied for professorships or other employment with defendant, Kent State University (KSU), 79 times. The complaint provides that plaintiff subsequently requested and obtained a meeting with Richard E. Serpe, Chair of the Sociology Department at KSU, "to discuss her career and to follow-up with a review of the vitae sent to * * * Serpe, in consideration of her obtaining employment in the Kent State University Department of Sociology (another Academic Chair had proposed Plaintiff's graduate school background and academic research was better suited to Sociology, as opposed to Public Administration)."

{¶5} It is alleged that during the meeting, on January 23, 2013, Serpe made statements pertaining to race and gender, including mentioning that he is a white man and has a brother-in-law who is black and is his best friend. Plaintiff alleges that Serpe also told her he had recently hired two black individuals for professorships, which to plaintiff indicated that "consideration of her for employment would be different" if she were white.

{¶6} It is also alleged that Serpe "exhibited unwanted sexually explicit behavior." According to the complaint, Serpe inappropriately touched plaintiff's feet during the meeting. It is alleged that Serpe stated during the meeting "I could hire you" and "you never know how things will end." It is further alleged that Serpe "used profanity several times," with the only specific example being that Serpe lowered his voice at one point in the meeting and said "I f----d up! I can f--k up, you can't…"

{¶7} Plaintiff alleges that shortly after the meeting, she filed a charge of race and gender discrimination with defendant, Ohio Civil Rights Commission (OCRC). According to the complaint, an investigator with OCRC promised plaintiff that OCRC "can make them sit down with you and we can make them give you a job, and compensate you." It is alleged that in spite of the assurances, however, OCRC ultimately found no probable cause and dismissed the charge in July 2013.

{¶8} The complaint provides that plaintiff later sought a meeting with KSU's president to discuss settling her claims, but she was referred to KSU's legal counsel, with whom she met on December 4, 2014. The complaint states that plaintiff made a settlement offer at this meeting, but KSU later sent her a letter declining the offer. Plaintiff claims that she had been misled at the meeting into believing that KSU would either accept her offer or respond with a counteroffer.

{¶9} Procedurally, it is noted that a timeline attached to the complaint provides that on January 22, 2015, plaintiff filed suit against several defendants, including the defendants in the present action, in the Portage County Common Pleas Court. The timeline provides that the common pleas action was later removed to federal court, and following that court's dismissal of plaintiff's federal civil rights claims, the action was remanded to the common pleas court, from which all remaining claims were dismissed for lack of jurisdiction on November 23, 2015.

{¶10} On December 22, 2015, plaintiff commenced the present action in the court of claims. Plaintiff's complaint sets forth six counts for relief and requests judgment in the amount of $50 million.

{¶11} Defendants argue in their motion to dismiss that the complaint sets forth no claim upon which relief can be granted.

{¶12} Counts one and two of the complaint assert claims for "race discrimination" and "sexual discrimination" under 4112.02(A).

{¶13} "Under Ohio law, an employer may not discharge without just cause, refuse to hire or otherwise discriminate against an individual with respect to hire, tenure, terms, conditions or privileges of employment 'because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry' of that person." *Burns v. Ohio State Univ. College of Veterinary Med.*, 10th Dist. Franklin No. 13AP-633, 2014-Ohio-1190, ¶ 6, quoting R.C. 4112.02(A).

{¶14} "'To prevail in an employment discrimination case, a plaintiff must prove discriminatory intent' and may establish such intent through either direct or indirect methods of proof." *Dautartas v. Abbott Labs.*, 10th Dist. Franklin No. 11AP-706, 2012-Ohio-1709, ¶ 25, quoting *Ricker v. John Deere Ins. Co.*, 133 Ohio App.3d 759, 766 (10th Dist.1998).

{¶15} "Direct evidence of discrimination is evidence of any nature, which if believed, is sufficient by itself to show the employer more likely than not was motivated by discriminatory animus in its action." *Smith v. Superior Production, LLC*, 10th Dist. Franklin No. 13AP-690, 2014-Ohio-1961, ¶ 16. "Discriminatory statements only support a claim for discrimination under the direct evidence standard if there is a causal link or nexus between the discriminatory statement and the prohibited act of discrimination. Vague, ambiguous, or isolated comments cannot be used as direct evidence to establish that an adverse action was motivated by discriminatory intent." (Citation omitted.) *Chapa v. Genpak, LLC*, 10th Dist. Franklin No. 12AP-466, 2014-Ohio-897, ¶ 90.

{¶16} As evidence of race discrimination, plaintiff cites remarks that Serpe allegedly made during the meeting, including stating that he is white and has a black brother-in-law who is also his best friend, and that he recently hired two professors who are black. In her complaint, plaintiff concludes that based on the mere fact that Serpe "openly mentioned race during a meeting with an African American scholar," he violated Ohio law. Assuming that Serpe made these statements, however, they are not sufficient to establish an inference of discriminatory intent on the basis of race. *See Sheppard v. Kent State Univ.*, N.D.Ohio No. 5: 15 CV 417, 2015 U.S. Dist. LEXIS 105325 (Aug. 11, 2015). Similarly, as evidence of gender discrimination, plaintiff points to the fact that Serpe allegedly stated at one point during the meeting that he is male and at other times used profanity that she construed as sexual in nature, including the following: "I f----d up! I can f--k up, you can't..." The statements alleged, however, are

not sufficient to establish a plausible inference of discriminatory intent on the basis of gender.

{¶17} "In the absence of direct evidence, discrimination claims are subject to a version of the burden shifting analysis set forth by the United States Supreme Court *in McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). * * * Under *McDonnell Douglas*, a plaintiff must first present evidence from which a reasonable jury could conclude that there exists a prima facie case of discrimination." *Turner v. Shahed Ents.*, 10th Dist. Franklin No. 10AP-892, 2011-Ohio-4654, ¶ 11-12. Under this approach, "a plaintiff must prove by a preponderance of the evidence that (1) he or she was a member of a protected class; (2) he or she suffered an adverse employment action; (3) he or she was qualified for the position in question; and (4) comparable, non-protected persons were treated more favorably." *Refaei v. Ohio State Univ. Hosp.*, 10th Dist. Franklin No. 10AP-1193, 2011-Ohio-6727, ¶ 12.

{¶18} Plaintiff's complaint does not support a prima facie claim under this theory. There is no suggestion that plaintiff had an employment application pending with KSU when she requested and obtained the meeting with Serpe to "discuss her career," but even if it is assumed that plaintiff could establish that she suffered an adverse employment action, such as KSU's failing to hire her for any of the positions she applied for in the past, the complaint does not support an inference that comparable, non-protected persons were treated more favorably. To the contrary, the complaint provides that KSU hired African Americans for such positions.

{¶19} Count three of the complaint asserts a claim for "sexual harassment and intimidation." "[A] plaintiff may establish a violation of R.C. 4112.02(A)'s prohibition of discrimination 'because of * * * sex' by proving either of two types of sexual harassment: (1) 'quid pro quo' harassment, i.e., harassment that is directly linked to the grant or denial of a tangible economic benefit, or (2) 'hostile environment' harassment, i.e., harassment that, while not affecting economic benefits, has the purpose or effect of

creating a hostile or abusive working environment." *Hampel v. Food Ingredients Specialties, Inc.*, 89 Ohio St.3d 169, 176 (2000).

{¶20} With regard to the "hostile work environment" theory, "[a] plaintiff must be an employee at the time of the harassment to establish a claim for hostile work environment." *Hoyt v. Nationwide Mut. Ins. Co.*, 10th Dist. Franklin No. 04AP-941, 2005-Ohio-6367, ¶ 71. From the complaint, it is clear that plaintiff was not an employee of KSU at the time of the alleged harassment. Therefore, plaintiff cannot prevail under the hostile work environment theory of sexual harassment.

{¶21} To prevail on a quid pro quo claim, plaintiff must demonstrate (1) that she was a member of a protected class, (2) that she was subjected to unwelcome sexual harassment in the form of sexual advances or requests for sexual favors, (3) that the harassment complained of was based on gender, and (4) that her submission to the unwelcome advances was an express or implied condition for receiving job benefits or that her refusal to submit to sexual demands resulted in a tangible job detriment. *Id.* at ¶ 74.

{¶22} Among the allegations cited in the complaint as evidence of sexual harassment are that Serpe "used profanity several times," the only specific example being that Serpe lowered his voice at one point in the meeting and said "I f----d up! I can f--k up, you can't…" It is also alleged that Serpe's feet touched plaintiff's during the meeting, and that Serpe stated at some point during the meeting "I could hire you" and "you never know how things will end." Making all reasonable inferences in plaintiff's favor, even if the allegation of plaintiff's feet being touched could be construed as an unwelcome advance, the complaint does not support an inference that Serpe conditioned a job benefit such as hiring plaintiff on her submission to the same. *See Sheppard v. Kent State Univ.*, N.D.Ohio No. 5: 15 CV 417, 2015 U.S. Dist. LEXIS 105325 (Aug. 11, 2015).

**{¶23}** The fourth count of the complaint is for "defamation and impunment [sic] of personal integrity." Impugning of personal integrity is not an independent claim for relief recognized under Ohio law. As for defamation, defendants assert that the claim is time-barred. "R.C. 2743.16(A) provides the applicable statute of limitations for civil actions against the state, stating such actions 'shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties.'" *Stubbs v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-484, 2012-Ohio-1374, ¶ 14. "A claim for defamation 'shall be commenced within one year after the cause of action accrued.'" *Fischer v. Kent State Univ.*, 10th Dist. Franklin No. 14AP-789, 2015-Ohio-3569, ¶ 22, quoting R.C. 2305.11(A). Accordingly, the one-year limitation on actions found in R.C. 2305.11(A) applies to plaintiff's claim of defamation. *Shampine v. Ohio Dept. of Job & Family Servs.*, 10th Dist. Franklin Nos. 11AP-123 & 11AP-384, 2011-Ohio-6057, ¶ 12. "A cause of action for defamation accrues on the date of publication of the alleged defamatory matter." *Pankey v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 11AP-36, 2011-Ohio-4209, ¶ 9.

**{¶24}** According to the complaint, plaintiff's claim of defamation arises from statements that were made by legal counsel for KSU during the course of the OCRC proceedings. The complaint provides that those proceedings terminated in July 2013. Plaintiff initiated this action more than one year later, on December 22, 2015. Even if plaintiff originally asserted the defamation claim in the lawsuit before the Portage County Common Pleas Court and re-filed it in this court under the savings statute (R.C. 2305.19(A)), plaintiff states that that the common pleas lawsuit commenced on January 22, 2015, also more than one year after the publication of the allegedly defamatory matter. Accordingly, plaintiff's defamation claim is barred by the applicable one-year statute of limitations.

{¶25} The fifth count of the complaint is for "infliction of emotional distress." The complaint provides that this claim arises from all the defendants' "negligent or intentional disregard of Plaintiff's charges * * *." The only specific factual allegations plaintiff associates with this claim are that after she sought a meeting with KSU's president to discuss settling her claims, she was granted a meeting with KSU's legal counsel on December 4, 2014, counsel asked what plaintiff proposed in terms of a settlement and said that he would discuss her demand with other members of KSU's legal department, and KSU subsequently informed plaintiff that it declined her offer in a letter dated December 15, 2014. Plaintiff alleges that she felt misled in that she believed KSU would either accept her offer or respond with a counteroffer.

{¶26} "A claim for intentional infliction of emotional distress requires plaintiff to show that (1) defendant intended to cause emotional distress, or knew or should have known that actions taken would result in serious emotional distress; (2) defendant's conduct was extreme and outrageous; (3) defendant's actions proximately caused plaintiff's psychic injury; and (4) the mental anguish plaintiff suffered was serious." *Hanly v. Riverside Methodist Hosps.*, 78 Ohio App.3d 73, 82 (10th Dist.1991).

{¶27} In *Yeager v. Local Union 20*, 6 Ohio St.3d 369, 374 (1983), quoting Restatement of the Law 2d, Torts, Section 46, comment d (1965), the court explained that liability in such cases "'has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"'"

{¶28} As a matter of law, the court concludes that the allegations upon which plaintiff's claim is predicated are not so outrageous in character and extreme in degree as to support a claim for intentional infliction of emotional distress.

{¶29} The sixth count of the complaint is for negligent supervision. Basically, plaintiff alleges that KSU failed to properly supervise Serpe, and OCRC failed to properly supervise its investigators.

{¶30} "In order to establish a claim for negligent supervision or retention, the following elements must be demonstrated: '(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employer's act or omission causing plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries.'" *Chapa v. Genpak, LLC*, 10th Dist. Franklin No. 12AP-466, 2014-Ohio-897, ¶ 106, quoting *Peterson v. Buckeye Steel Casings*, 133 Ohio App.3d 715, 729 (10th Dist.1999).

{¶31} Plaintiff's complaint does not set forth underlying factual allegations which, if proven, would establish all the elements of a negligent supervision claim. The facts alleged do not support an underlying tort or wrong by Serpe, and aside from a conclusory allegation that KSU was negligent in supervising Serpe, plaintiff does not allege facts suggesting that KSU had notice of Serpe's alleged incompetence. *See Ford v. Brooks*, 10th Dist. Franklin No. 11AP-664, 2012-Ohio-943, ¶ 22-24. Moreover, the allegation that OCRC was negligent in supervising its employees is vague and essentially represents a challenge to the outcome of the OCRC proceedings.

{¶32} As a final matter, in addition to the six counts for relief discussed above, the complaint also provides, in part, that this is a "civil rights action [that] raises federal questions under the Fourteenth Amendments [sic] to the United States Constitution and 42 U.S.C. § 1983." "It is well-established that the Court of Claims lacks subject-matter jurisdiction over alleged violations of constitutional rights and claims arising under Section 1983, Title 42, U.S. Code ('§1983')." *Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin Nos. 07AP-861 & 07AP-928, 2008-Ohio-2299, ¶ 12. Consequently, these claims shall be dismissed for lack of subject matter jurisdiction.

{¶33} Based upon the foregoing, defendants' motion to dismiss shall be granted, plaintiff's civil rights claims shall be dismissed without prejudice, and plaintiff's complaint shall be otherwise dismissed.

_____
PATRICK M. MCGRATH
Judge

[Cite as *Sheppard v. Ohio Bd. of Regents*, 2016-Ohio-3477.]

| | |
|---|---|
| VICTORIA C. SHEPPARD, Ph.D. | Case No. 2015-01053 |
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Robert Van Schoyck |
| v. | |
| | <u>JUDGMENT ENTRY</u> |
| OHIO BOARD OF REGENTS, et al. | |
| Defendants | |

{¶34} For the reasons set forth in the decision filed concurrently herewith, defendants' motion to dismiss is GRANTED, plaintiff's civil rights claims are DISMISSED without prejudice, and plaintiff's complaint is otherwise DISMISSED.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

Victoria C. Sheppard, Ph.D.
1700 West Market Street, C122
Akron, Ohio 44313-7002

Duffy W. Jamieson
Assistant Attorney General
30 East Broad Street, 15th Floor
Columbus, Ohio 43215-0590

Randall W. Knutti
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

**Filed May 24, 2016**
**Sent To S.C. Reporter 6/17/16**