[Cite as *Cotten v. Dept. of Corr. & Rehab.*, 2018-Ohio-3392.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Prince Cotten, Sr., | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 18AP-240 |
| v. | : | (Ct. of Cl. No. 2017-00928) |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on August 23, 2018

**On brief:** *Prince Cotten, Sr.*, pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Emily Simmons Tapocsi*, for appellee.

APPEAL from the Court of Claim of Ohio

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Prince Cotten, Sr., appeals from an entry of the Court of Claims of Ohio granting the motion to dismiss of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On November 20, 2017, Cotten filed a complaint challenging the mail room procedures at Warren Correctional Institution ("WCI"), where he is incarcerated. ODRC operates WCI. The complaint alleges that ODRC's employees acted negligently and with deliberate indifference when they did not provide Cotten with cash "slip receipts" for his outgoing religious mail. ODRC responded to Cotten's complaint with a December 19, 2017

motion to dismiss, arguing the trial court should dismiss Cotten's complaint in its entirety pursuant to Civ.R. 12(B)(1) and (6).  Cotten then filed a memorandum contra ODRC's motion to dismiss on January 16, 2018.

{¶ 3}   In a March 20, 2018 entry, the trial court granted ODRC's motion to dismiss. The trial court concluded Cotten's complaint set forth a challenge to the conditions of his confinement arising under 42 U.S.C. 1983.  As such, the trial court noted the Court of Claims lacks jurisdiction over claims arising under 42 U.S.C. 1983.  Further, the trial court concluded that to the extent Cotten's complaint represented an allegation that ODRC violated its own internal rules or policies, there is no cause of action for a violation of internal rules or policies.  Thus, the trial court granted ODRC's motion and dismissed Cotten's complaint in its entirety pursuant to Civ.R. 12(B)(1) and (6).  Cotten timely appeals.

## II.  Assignments of Error

{¶ 4}   Cotten assigns the following errors for our review:

[1.] The court erred to the prejudice of the appellant. When it ordered the dismissal of the appellant's fed. law claims before the court.

[2.] The court erred to the prejudice of the appellant.  When the court dismissed the appellant's complaint for failure to state a claim upon which relief can be granted.

[3.] The court erred to the prejudice of the appellant.  When the court fail to determine whether state employees was entitled to immunity under § 9.86.

(Sic passim.)

## III.  Discussion

{¶ 5}   Because Cotten's first, second, and third assignments of error are interrelated, we address them jointly.  Cotten asserts the trial court erred in granting ODRC's motion to dismiss pursuant to Civ.R. 12(B)(1) and (6).  More specifically, Cotten argues the trial court erred in granting ODRC's motion to dismiss by (1) concluding that it must dismiss Cotten's federal law claims, (2) concluding that Cotten had failed to state a claim upon which relief can be granted, and (3) failing to determine whether the state employees were entitled to immunity.

{¶ 6} Civ.R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject-matter of the litigation. *Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-861, 2008-Ohio-2299, ¶ 6. Subject-matter jurisdiction involves a court's power to hear and decide a case on the merits. *Lowery v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-730, 2015-Ohio-869, ¶ 6, citing *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14. In deciding a Civ.R. 12(B)(1) motion, a court must dismiss for lack of subject-matter jurisdiction if the complaint fails to allege any cause of action cognizable in the forum. *Brown v. Levin*, 10th Dist. No. 11AP-349, 2012-Ohio-5768, ¶ 14. An appellate court reviews a trial court's decision on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction under a de novo standard of review. *Pankey v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-701, 2014-Ohio-2907, ¶ 7.

{¶ 7} Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975). In ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief. *Celeste v. Wiseco Piston*, 151 Ohio App.3d 554, 2003-Ohio-703, ¶ 12 (11th Dist.). When reviewing a decision on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, this court's standard of review is de novo. *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9.

{¶ 8} Initially, Cotten argues the trial court erred in construing his claims as those arising under federal law or constitutional challenges because he captioned his complaint as one for negligence. However, "[t]he mere fact that claims in a complaint are couched in certain legal terms is insufficient to confer jurisdiction upon a court." *Guillory* at ¶ 11, citing *State ex rel. Columbia Gas of Ohio, Inc. v. Henson*, 102 Ohio St.3d 349, 2004-Ohio-3208, ¶ 19. Instead, in determining whether a court has subject-matter jurisdiction over a party's

claims, the court must look to the body of the complaint and examine the underlying nature of the claims. *Guillory* at ¶ 11, citing *Henson* at ¶ 20.

{¶ 9} Having conducted a de novo review of the pleadings, we agree with the trial court that Cotten's complaint challenges the handling of his inmate mail and alleges that ODRC violated its own internal rules and policies. The portion of Cotten's complaint that asserts a challenge to the handling of his mail is, as this court has noted, properly construed as a challenge to the conditions of his confinement. *Cotten v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-935, 2014-Ohio-2619, ¶ 20 (appellant's claim regarding the processing of his mail is a claim relating to an inmate's condition of confinement arising under 42 U.S.C. 1983). Complaints from inmates related to the conditions of their confinement are claims arising under 42 U.S.C. 1983. *Id.* As a court of limited jurisdiction, the Court of Claims of Ohio has no subject-matter jurisdiction over alleged violations of claims arising under 42 U.S.C. 1983 or alleged violations of constitutional rights. *Id.* at ¶ 18, citing *Guillory* at ¶ 12. Thus, the trial court properly dismissed the portion of Cotten's complaint asserting constitutional claims and claims arising under 42 U.S.C. 1983 for lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1).

{¶ 10} Furthermore, to the extent the balance of Cotten's complaint can be construed as asserting allegations that ODRC's employees violated its own internal rules or policies, a violation of internal rules or policies is not a recognized cause of action. *Peters v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-1048, 2015-Ohio-2668, ¶ 10 (violations of prison regulations will not, by themselves, support a cause of action), citing *Triplett v. Warren Corr. Inst.*, 10th Dist. No. 12AP-728, 2013-Ohio-2743, ¶ 10. Prison regulations are designed, primarily, to guide correctional officials in prison administration; they do not confer rights on inmates. *Triplett* at ¶ 10, citing *State ex rel. Larkins v. Wilkinson*, 79 Ohio St.3d 477, 479 (1997). "Thus, those violations will not support a cause of action by themselves, even though violations of internal rule[s] and policies may be used to support a claim of negligence." *Triplett* at ¶ 10, citing *Horton v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 05AP-198, 2005-Ohio-4785, ¶ 29.

{¶ 11} Here, Cotten's complaint does not set forth an allegation of negligence; namely, he does not allege the existence of a duty, a breach of that duty, and an injury proximately caused by the breach. *Peters* at ¶ 10, citing *Franks v. Ohio Dept. of Rehab. &*

*Corr.,* 195 Ohio App.3d 114, 2011-Ohio-2048, ¶ 12 (10th Dist.).  Instead, Cotten alleges only a violation of an internal prison regulation that, independently, does not supply him with a cause of action.  *Peters* at ¶ 10, citing *Triplett* at ¶ 10.  Thus, because Cotten failed to state a claim upon which relief can be granted, the trial court properly granted the balance of Cotten's complaint under Civ.R. 12(B)(6).

{¶ 12} Finally, Cotten argues the trial court erred when it did not make a determination of whether ODRC's employees are entitled to immunity under R.C. 9.86.  However, pursuant to the plain language of R.C. 9.86, " 'the Court of Claims has the authority to decide immunity questions only in causes of action arising under state law.' " *Cotten* at ¶ 23, quoting *Gumpl v. Bost*, 81 Ohio App.3d 370, 374 (12th Dist.1992).  Having concluded that Cotten's complaint failed to state any claims arising under state law, the trial court no longer had basis upon which to conduct an immunity determination.  *Id.*  Thus, the trial court did not err in failing to engage in an immunity determination.

{¶ 13} In summation, the trial court properly granted ODRC's motion to dismiss Cotten's complaint pursuant to Civ.R. 12(B)(1) and (6).  Moreover, the trial court did not err when it did not engage in an immunity analysis for employees of ODRC.  For these reasons, we overrule Cotten's first, second, and third assignments of error.

## IV. Disposition

{¶ 14} Based on the foregoing reasons, the trial court did not err in granting ODRC's motion to dismiss pursuant to Civ.R. 12(B)(1) and (6), and the trial court did not err in not conducting an immunity analysis for ODRC's employees.  Having overruled Cotten's three assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

DORRIAN and HORTON, JJ., concur.

————————————