[Cite as *Dunn v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-3717.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Marvin Dunn, :

    Plaintiff-Appellant, :

                                   No. 20AP-430

v. : (Ct. of Cl. No. 2020-00309JD)

Ohio Department of Rehabilitation : (ACCELERATED CALENDAR)
& Correction,

                        :

    Defendant-Appellee. :

                        :

D E C I S I O N

Rendered on October 19, 2021

**On brief:** *Dave Yost*, Attorney General, *Anne Berry Strait*, and *Samantha J. Scherger*, for appellee.

**On brief:** *Marvin Dunn*, pro se.

APPEAL from the Court of Claims of Ohio

KLATT, J.

{¶ 1} Plaintiff-appellant, Marvin Dunn, appeals a judgment of the Court of Claims of Ohio that dismissed his action against defendant-appellee, the Ohio Department of Rehabilitation and Correction ("ODRC"). Because we agree with the trial court that the sole claim asserted in Dunn's complaint arose under 42 U.S.C. 1983 ("Section 1983"), we affirm.

{¶ 2} Dunn is incarcerated in an Ohio correctional institution. On May 13, 2020, he filed a complaint against ODRC. In the complaint, Dunn alleged that on April 10, 2020, ODRC notified him that another inmate had contracted COVID-19. According to Dunn, in the month that followed, 4,000 inmates and 100 prison staff members tested positive for

COVID-19, and one correctional officer and one nurse died of the disease. Dunn alleged that he would not have been exposed to COVID-19 had ODRC provided him with a "mask, suit, gloves, [or] protective wear." (Compl. at 3.) Dunn also alleged that ODRC failed to properly train its employees to prevent the spread of COVID-19 through the prison population. Dunn asserted that ODRC was "liable for plaintiff's injury's [sic], damage's [sic], and losses, and all future claim's [sic] arising from the negligence of defendant's action's [sic], that failed to prevent exposure of [sic] deadly virus that is now in the same dorm as plaintiff." *Id.* at 6.

{¶ 3} ODRC moved to dismiss Dunn's action under Civ.R. 12(B)(1) for lack of subject-matter jurisdiction. In a judgment dated August 17, 2020, the trial court granted that motion. The trial court held that Dunn sought recovery for the conditions under which he was incarcerated, so he asserted a claim under Section 1983. Because such a claim is not cognizable in the Court of Claims, the trial court dismissed Dunn's action.

{¶ 4} Dunn now appeals the trial court's August 17, 2020 judgment, and he assigns the following errors:

> 1. The Trial court error [sic] in Determing [sic] in its Decision Based on lack of subject-matter jurisdiction.
>
> 2. The Trial court error [sic] In using common Law good faith in truth with A prior Notice standard.

{¶ 5} Pursuant to Civ.R. 12(B)(1), a defendant may move to dismiss an action for lack of subject-matter jurisdiction. A trial court will grant such a motion if the complaint fails to raise a cause of action cognizable by the forum. *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989). Because whether a court possesses subject-matter jurisdiction is a question of law, appellate courts review a ruling on a Civ.R. 12(B)(1) motion de novo. *State ex rel. Ohio Civ. Serv. Employees Assn. v. Ohio*, 146 Ohio St.3d 315, 2016-Ohio-478, ¶ 12; *Crosby-Edwards v. Ohio Bd. of Embalmers and Funeral Dirs.*, 175 Ohio App.3d 213, 2008-Ohio-762, ¶ 21 (10th Dist.).

{¶ 6} In the case at bar, the trial court determined that it lacked subject-matter jurisdiction over Dunn's action because the sole claim Dunn asserted arose under Section 1983. Neither Dunn nor ODRC disputes that the Court of Claims lacks subject-matter jurisdiction over Section 1983 claims. *See Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th

Dist. No. 07AP-861, 2008-Ohio-2299, ¶ 12 ("It is well-established that the Court of Claims lacks subject-matter jurisdiction over * * * claims arising under Section 1983, Title 42, U.S. Code."). Instead, the parties contest the nature of the claim Dunn pled. To resolve that debate, we will review the applicable law to determine what claim or claims the facts in Dunn's complaint might support.

{¶ 7} "Section 1983 provides 'a cause of action for deprivation under color of state law, of any rights, privileges or immunities secured by the Constitution or laws of the United States.' " *Stoudemire v. Mich. Dept. of Corrs.*, 705 F.3d 560, 567 (6th Cir.2013), quoting *Jones v. Muskegon Cty.*, 625 F.3d 935, 940-41 (6th Cir.2010). State prisoners may use Section 1983 to file civil rights actions to challenge the conditions of their confinement as violative of the Eighth Amendment. *Dotson v. Wilkinson*, 329 F.3d 463, 466 (6th Cir.2003); *State ex rel. Carter v. Schotten*, 70 Ohio St.3d 89, 91 (1994).

{¶ 8} The Eighth Amendment protects all people from "cruel and unusual punishments."

> "When the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well being. * * * The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs -- e.g., food, clothing, shelter, medical care, and reasonable safety -- it transgresses the substantive limits on state action set by the Eighth Amendment * * *."

*Helling v. McKinney*, 509 U.S. 25, 32 (1993), quoting *DeShaney v. Winnebago Cty. Dept. of Social Servs.*, 489 U.S. 189, 199-200 (1989). Consequently, " 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.' " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), quoting *Helling* at 31. The amendment imposes the duty on prison officials to ensure "that inmates receive adequate food, clothing, shelter, and medical care, and [ ] 'take reasonable measures to guarantee the safety of the inmates.' " *Id.*, quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984).

{¶ 9} The analysis of a claim that conditions of confinement violate the Eighth Amendment includes an objective and a subjective element. *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir.2020). To satisfy the objective element, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer* at 834. "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,' " * * * " 'only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.' " *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (first part), and *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (second part). Nothing but "extreme" deprivations qualify. *Id.*

{¶ 10} To satisfy the subjective element, the inmate must show deliberate indifference to inmate's health or safety. *Farmer* at 834. A prison official is deliberately indifferent "if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. In other words, the prison official must demonstrate recklessness as generally defined by criminal law—the official must disregard a risk of harm to prisoners of which he is subjectively aware. *Id.* at 836-37, 839-40.

{¶ 11} Here, conceivably, the complaint states facts that could form a claim for relief under Section 1983 based on the conditions of Dunn's confinement. By not providing inmates with personal protective equipment and not adequately training its staff, ODRC has arguably failed in its Eighth Amendment duty to maintain Dunn's reasonable safety. As an infectious disease with a relatively high mortality rate, COVID-19 poses a substantial risk of serious harm to prison inmates. *See Smith v. DeWine*, 476 F.Supp.3d 635, 662 (S.D.Ohio 2020) (finding COVID-19 "to be an objectively intolerable risk of harm to prisoners when it enters a prison"). In his complaint, Dunn alleges that ODRC was aware of the dangers of COVID-19, but it did not do enough to prevent his exposure to the disease. The trial court, therefore, did not err in construing Dunn's complaint as potentially setting forth a Section 1983 claim—a claim over which the trial court lacks jurisdiction as both parties acknowledge.

{¶ 12} However, Dunn argues his complaint alleged a negligence claim. We recognize that at several points in his complaint, Dunn alleged that ODRC acted negligently.

Nevertheless, it is the underlying nature of the claims brought in the complaint rather than the legal terms used by the plaintiff that controls whether a trial court has subject-matter jurisdiction. *Jackson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 19AP-621, 2020-Ohio-1518, ¶ 18, citing *Guillory*, 10th Dist. No. 07AP-861, 2008-Ohio-2299, at ¶ 11 (stating that "the court must look beyond the language used in the complaint and examine the underlying nature of the claims"); *see also State ex rel. Columbia Gas of Ohio, Inc. v. Henson*, 102 Ohio St.3d 349, 2004-Ohio-3208, ¶ 19 (stating that the "mere fact [a plaintiff] cast its allegations in the underlying case to sound in tort is insufficient to confer jurisdiction upon [a particular trial court]").  Here, the underlying nature of the claims alleged in Dunn's complaint solely challenged his conditions of confinement as protected by the Eighth Amendment.  In essence, Dunn's complaint only alleged that he has been unreasonably exposed to the COVID-19 virus.  His complaint alleged no actual injury resulting from the actions or inactions of ODRC.  Without alleging an injury proximately resulting from the breach of a duty, there is no claim for negligence. *Rieger v. Giant Eagle, Inc.*, 157 Ohio St.3d 512, 2019-Ohio-3745, ¶ 10 (to establish a claim for negligence, a plaintiff must show the existence of a duty, breach of that duty, and injury proximately resulting from the breach).  For these reasons, we agree with the trial court that Dunn's complaint only alleged a Section 1983 claim.[1]

{¶ 13} Factually, this case is almost identical to *White v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 20AP-325, 2021-Ohio-3500, a case very recently decided by this court.  White is an inmate incarcerated in an Ohio correctional institution.  White alleged that ODRC failed to take reasonable measures to protect him from exposure to COVD-19.  He further alleged that as of the date of the filing of his complaint he was in good health and

---

[1] ODRC argues that Dunn could not state a claim for negligence because he asserted in his complaint that ODRC acted in bad faith, wantonly, willfully, maliciously, recklessly, intentionally, and negligently.  Because negligent conduct excludes intentional, wanton, and willful conduct, ODRC contends that, by pleading ODRC acted intentionally, wantonly, and willfully, Dunn eliminated his ability to plead a negligence claim.  This argument, however, ignores Civ.R. 8(E)(2), which provides that a plaintiff may plead alternatively.  According to Civ.R. 8(E)(2), "[w]hen two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements."  Consequently, "[t]he fact that the allegations [in a complaint] are inconsistent does not render them insufficient." *Smith v. Al-Mazni*, 6th Dist. No. L-16-1311, 2017-Ohio-7989, ¶ 21.  Thus, for example, a plaintiff could plead alternative claims based on the inconsistent factual allegations that the defendant had intentionally touched the plaintiff and negligently touched the plaintiff. *Brown v. Holiday Inn Express & Suites*, 10th Dist. No. 17AP-477, 2018-Ohio-3281, ¶ 13.  Because Civ.R. 8(E)(2) permits alternative pleading, ODRC's argument is unpersuasive.

not infected.  Despite several allegations of negligence in the complaint, this court found that the underlying nature of White's claims solely related to the conditions of his confinement.  *Id.* at ¶ 11.  Therefore, this court affirmed the Court of Claims' dismissal of the case for lack of subject-matter jurisdiction.  *Id.* at ¶ 12.  The case at bar is indistinguishable from *White.*

{¶ 14} We recognize that " 'Ohio law imposes a duty of reasonable care on the state to provide for its prisoners' health, care, and well-being.' "  *Nix v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-547, 2014-Ohio-2902, ¶ 30.  " 'In the context of a custodial relationship between the state and its inmates, the state owes a common-law duty of reasonable care and protection from unreasonable risks of physical harm.' "  *Allen v. Dept. of Adm. Servs. Office of Risk Mgt.*, 10th Dist. No. 19AP-729, 2020-Ohio-1138, ¶ 24, quoting *McElfresh v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-177, 2004-Ohio-5545, ¶ 16. "Although the state is not an insurer of inmate safety, 'once it becomes aware of a dangerous condition it must take reasonable care to prevent injury to the inmate.' "  *Skorvanek v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-222, 2018-Ohio-3870, ¶ 28, quoting *Briscoe v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 02AP-1109, 2003-Ohio-3533, ¶ 20.

{¶ 15} Just as the Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, Ohio law similarly imposes a duty on the state to exercise reasonable care to keep inmates safe.  Therefore, depending on the facts alleged, a complaint could conceivably contain both a Section 1983 claim and a negligence claim. Here, however, we conclude that Dunn's complaint solely challenged his conditions of confinement.  *See, e.g.*, *White*; *Guillory*, 10th Dist. No. 07AP-861, 2008-Ohio-2299, at ¶ 12 ("it is clear from the body of the complaints that the underlying nature of the 'negligence' claims quoted above are not claims of negligence").

{¶ 16} For the foregoing reasons, we overrule Dunn's assignments of error, and we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

BROWN, J., concurs.
SADLER, J., concurs in judgment only.

_____