[Cite as *Bruso v. Opportunities for Ohioans with Disabilities*, 2015-Ohio-3439.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Douglas Bruso, | : | |
| Appellant-Appellant, | : | |
| v. | : | No. 15AP-130 |
| | | (C.P.C. No. 14CV-5938) |
| Opportunities for Ohioans with Disabilities, | : | |
| | : | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |
| | : | |

# D E C I S I O N

### Rendered on August 25, 2015

*Blaugrund Kessler Myers & Postalakis, Incorporated*, and *Fazeel S. Khan*, for appellant.

*Michael DeWine*, Attorney General, and *Henry G. Appel*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Douglas Bruso is appealing from an adverse ruling on his administrative grievance filed with the Bureau of Services for the Visually Impaired, a division of Opportunities for Ohioans with Disabilities. He assigns two errors for our consideration:

> 1. The trial court erred by determining Appellee had authority to terminate Appellant's Bureau-Operator Agreement pursuant to OAC §3304:1-21-09(C)(3), when it is clear there was no "termination" of the Bureau-Grantor Agreement as plainly required by this administrative rule.

> 2. The trial court erred by basing its decision on considerations that are irrelevant to the only issue to be adjudicated in this case.

{¶ 2} Opportunities for Ohioans with Disabilities ("OOD"), is a state agency that oversees the Bureau of Services for the Visually Impaired ("BSVI"), a program to assist legally blind individuals in operating vending programs in government buildings. Bruso was, for many years, a licensed vendor for BSVI under its business enterprise program. He managed the business enterprise at the Ohio Department of Public Safety facility at 1970 West Broad Street in Columbus, Ohio. Bruso was removed as a vendor at 1970 West Broad Street effective May 6, 2013 when BSVI terminated his Bureau-Operator Agreement ("BOA"), the agreement that allowed Bruso to be a vender under the BSVI program at the Ohio Department of Public Safety.

{¶ 3} Bruso filed a grievance and a hearing was conducted by BSVI in October 2013. The hearing officer determined that Bruso's grievance was meritorious. The hearing examiner's findings were not accepted by BSVI's deputy director. The Adjudication Order concluded that the BOA had been terminated properly because the Ohio Department of Public Safety had effectively terminated its Bureau-Grantor Agreement ("BGA") between itself and BSVI. The BGA allows BSVI to conduct its program at the Ohio Department of Public Safety's facility.

{¶ 4} Bruso filed an appeal in the Franklin County Court of Common Pleas pursuant to R.C. 119.12. The common pleas court stated that the controlling law must not be viewed as requiring OOD to force the Ohio Department of Public Service to drop out of the blind vendor program in response to the unprofessional behavior of Bruso. "This leads to an absurd result that undermines the purpose of the blind vendor program and controlling regulations." (R. 30, Decision and Entry, 9.) The common pleas court found that the Adjudication Order was supported by reliable, probative and substantial evidence, was in accordance with law and affirmed the order.

{¶ 5} R.C. 119.12 allows an appeal to the common pleas court for a party "adversely affected" by an order of an administrative agency or commission issued pursuant to "adjudication." [T]o constitute an 'adjudication' for purposes of R.C. 119.12, a determination must be (1) that of the highest or ultimate authority of an agency which (2) determines the rights, privileges, benefits, or other legal relationships of a person."

*Gwinn v. Ohio Elections Comm.*, 187 Ohio App.3d 742, 2010-Ohio-1587, ¶ 10 (10th Dist.); *see also* R.C. 119.01(D)(defining "adjudication").

{¶ 6}  Pursuant to R.C. 119.12, a reviewing trial court must affirm the order of an administrative agency if it is supported by reliable, probative, and substantial evidence and is in accordance with law.  *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 111 (1980).  "Reliable" evidence is dependable; that is, it can be confidently trusted.  In order to be reliable, there must be a reasonable probability that the evidence is true.  "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue.  "Substantial" evidence is evidence with some weight; it must have importance and value.  *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992).

{¶ 7}  Considerable deference should be accorded to an agency's interpretation of rules the agency is required to administer.  Further, an administrative rule that is issued pursuant to statutory authority has the force of law unless it is unreasonable or conflicts with a statute covering the same subject matter.  *State ex rel. Celebrezze v. Natl. Lime & Stone Co.*, 68 Ohio St.3d 377 (1994).  In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a common pleas court reviewing the same order.  It is incumbent on the common pleas court to examine the evidence.  Such is not the charge of the appellate court.  The appellate court is to determine only if the common pleas court has abused its discretion.  *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 261 (1988).

{¶ 8}  The removal of Bruso from the facility and the termination of his BOA was allegedly based upon authority granted under Ohio Adm.Code 3304:1-21-09(C)(3), which reads:

> The BSVI director shall terminate the BOA for the following reasons:
>
> * * *
>
> (3) Termination of the BGA, whether voluntary or involuntary[.]

{¶ 9} Counsel for Bruso argues that Ohio Adm.Code 3304:1-21-09 applies only when a Bureau-Grantor Agreement has been terminated and no such termination occurred between BSVI and the Ohio Department of Public Safety. At most, the Ohio Department of Public Safety indicated an intention to cancel a Bureau-Grantor Agreement.

{¶ 10} Apparently the incident which caused the set of issues to arise occurred on April 2, 2013. A woman picking up her young child at a daycare facility at the 1970 West Broad Street location parked her vehicle illegally in a crosswalk. Her illegal parking blocked the sidewalk ramp Bruso used to take his vending items into the building. Bruso got upset and engaged in some unfortunate conduct and language.

{¶ 11} The Ohio Department of Public Safety investigated the incident and sent a letter to BSVI saying, in essence, keep Bruso away from 1970 West Broad Street or lose the right to have a vendor at 1970 West Broad Street. "While the Department of Public Safety is supportive of the Bureau of Services for the Visually Impaired, we intend to cancel our vending contract if Mr. Bruso remains your vending machine contractor." (R. 22, State's exhibit No. 5, Ohio Department of Public Safety, April 19, [2013] letter.)

{¶ 12} The either/or contained in the letter from the Ohio Department of Public Safety did not constitute a termination for purposes of Ohio Adm.Code 3304:1-21-09. When a statute's language is clear and unambiguous, we apply the statute as written giving effect to its plain meaning. *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, ¶ 9; *Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus. "[iIf the words be free from ambiguity and doubt, and express plainly, clearly, and distinctly the sense of the lawmaking body, there is no occasion to resort to other means of interpretation. The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact. That body should be held to mean what it has plainly expressed, and hence no room is left for construction." *Id.* The conduct of BSVI was understandable, but not authorized by the Ohio Administrative Code. At most, it threatened a future termination.

{¶ 13} The first assignment of error is sustained. Our finding as to the first assignment of error renders the second assignment of error moot. The judgment of the Franklin County Court of Common Pleas is reversed and the case is remanded to the

common pleas court with instructions for it to direct the BSVI to sustain Bruso's grievance.

*Judgment reversed and remanded with instructions.*

SADLER and LUPER SCHUSTER, JJ., concur.

_____