[Cite as *Ohio Vendors Representative Commt. v. Opportunities for Ohioans with Disabilities*, 2022-Ohio-1252.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Ohio Vendors Representative Committee,    :

                 Appellant-Appellant,    :              No. 21AP-352
                                              (C.P.C. No. 21CV-2184)
v.    :

Opportunities for Ohioans with    :
Disabilities/Bureau of Services
for the Visually Impaired,    :            (REGULAR CALENDAR)

                  Appellee-Appellee.    :

D E C I S I O N

Rendered on April 14, 2022

**On brief:** *Dave Yost*, Attorney General, and *Eythan Gregory*, for appellant.

**On brief:** *Dave Yost*, Attorney General, and *Crystal R. Richie*, for appellee. **Argued:** *Crystal R. Richie.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, P.J.

{¶ 1} Appellant, Ohio Vendors Representative Committee ("OVRC"), appeals from a judgment of the Franklin County Court of Common Pleas granting the motion to dismiss filed by Opportunities for Ohioans with Disabilities ("OOD")/Bureau of Services for the Visually Impaired ("BSVI"), for lack of subject-matter jurisdiction over OVRC's R.C. 119.12 administrative appeal. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} In 1936, the United States Congress enacted the Randolph-Sheppard Vending Stand Act ("RSA") to "provid[e] blind persons with remunerative employment, enlarg[e] the economic opportunities of the blind, and stimulat[e] the blind to greater efforts in striving to make themselves self-supporting." 20 U.S.C. 107(a). To this end,

Congress authorized blind persons to "operate vending facilities on any Federal property." *Id.* Congress also authorized the Department of Education Secretary to "prescribe regulations" to carry out and enforce the RSA and required the Secretary to "[d]esignate [in each State] * * * the State agency" that meets the Secretary's requirements and that will issue licenses to blind persons operating those vending facilities. 20 U.S.C. 107(b); 20 U.S.C. 107a(a)(5); 20 U.S.C. 107b.

{¶ 3} Ohio enacted "parallel legislation (Ohio's 'mini-RSA') to expand the RSA's priority for blind merchants to state properties." *Ohio v. United States Dept. of Edn.*, 986 F.3d 618, 621 (6th Cir.2021), citing R.C. 3304.28 through 3304.35. BSVI is the designated Ohio agency responsible for implementing the RSA and Ohio's mini-RSA, and OOD "is the agency responsible for overseeing BSVI." Ohio Adm.Code 3304:1-21-01(E).[1] OVRC is an elected committee of blind vendors that represents all blind licensees in the Ohio program. *See* 20 U.S.C. 107b-1; Ohio Adm.Code 3304:1-21-12. This committee "shall actively participate with BSVI in major administrative decisions and policy and program development with respect to [the Business Enterprise 'BE' program]," through which BSVI administers the RSA and Ohio mini-RSA. Ohio Adm.Code 3304:1-21-12(G); *See* R.C. 3304.34; Ohio Adm.Code 3304:1-21-01(J).

{¶ 4} In June 2020, and pursuant to Ohio Adm.Code 3304:1-21-14, OVRC filed a grievance with BSVI asserting BSVI made multiple major administrative decisions without OVRC's active participation, in violation of Ohio Adm.Code 3304:1-21-12. An informal hearing was held to resolve OVRC's grievance. Because OVRC was dissatisfied with the outcome of the informal hearing, it requested a formal hearing. In January 2021, a BSVI hearing officer held a hearing regarding the matter. The next month, the hearing officer issued a report and recommendation recommending that OVRC's grievance be affirmed in part and denied in part. On March 23, 2021, BSVI issued an adjudication order denying OVRC's grievance. The adjudication order states that a complaint challenging the decision could be filed pursuant to 20 U.S.C. 107d-1, but it makes no reference to R.C. 119.12.

---

[1] Effective February 18, 2022, and during the pendency of this appeal, the administrative rules pertinent to this matter were amended. However, for ease of discussion, all references to these rules are to the former and applicable versions.

{¶ 5} In April 2021, OVRC filed a notice of appeal in the Franklin County Court of Common Pleas, citing R.C. 119.12 as the authority for the administrative appeal. BSVI moved for dismissal pursuant to Civ.R. 12(B)(1), arguing the trial court lacked subject-matter jurisdiction over the matter. In June 2021, the trial court granted BSVI's motion and consequently dismissed OVRC's appeal for lack of subject-matter jurisdiction.

{¶ 6} OVRC timely appeals.

## II. Assignments of Error

{¶ 7} OVRC assigns the following errors for our review:

> [1.] The trial court erred when it determined Ohio Revised Code Chapter 119 did not apply to Opportunities for Ohioans with Disabilities & Bureau of Services for the Visually Impaired.
>
> [2.] The trial court erred when it determined the Ohio Vendors Representative Committee acted as a blind licensee and not in its official capacity as an Ohio committee.

## III. Discussion

{¶ 8} In its first assignment of error, OVRC argues the trial court erred in determining that R.C. Chapter 119 did not apply to BSVI. OVRC's second assignment of error contends the trial court erred in determining that OVRC acted as a blind licensee, and not in its official capacity as an Ohio committee. Based on the judgment from which OVRC appeals, we construe these assignments of error as generally challenging the trial court's dismissal of its administrative appeal for lack of subject-matter jurisdiction. These assignments of error lack merit.

{¶ 9} Subject-matter jurisdiction is a court's power to hear and decide a particular class of cases. *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 19. Because it is a question of law, our review of this issue is de novo. *Great Lakes Courier Serv., LLC v. State Unemp. Comp. Rev. Comm.*, 10th Dist. No. 16AP-2, 2016-Ohio-3143, ¶ 6. In the administrative appeals context, "[c]ourts of common pleas only have 'such powers of review of proceedings of administrative officers and agencies as may be provided by law.' " *Clifton Care Ctr. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-709, 2013-Ohio-2742, ¶ 9, quoting Ohio Constitution, Article IV, Section 4. *See also Midwest Fireworks Mfg. Co., Inc. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 177

(2001) ("The right to appeal an administrative decision is neither inherent nor inalienable; to the contrary, it must be conferred by statute."). Thus, jurisdiction over an administrative appeal is improper "unless granted by R.C. 119.12 or other specific statutory authority." *Abt v. Ohio Expositions Comm.*, 110 Ohio App.3d 696, 699 (10th Dist.1996). "To determine whether R.C. 119.12 or other statutory authority does or does not grant the common pleas court jurisdiction over this appeal, we must look to the language of the statutes involved to determine legislative intent." *Ikemefuna Nkanginieme v. Ohio Dept. of Medicaid*, 10th Dist. No. 14AP-596, 2015-Ohio-656, ¶ 16.

{¶ 10} OVRC relies on R.C. 119.12(B) as the authority for its appeal. R.C. 119.12(B) states in pertinent part that "[a]ny party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county." OVRC contends R.C. 119.12(B) authorized it to file an administrative appeal because BSVI's adjudication order "adversely affected" its rights as a "party." But OVRC does not address whether this order was an "agency" order for the purpose of R.C. 119.12(B). We find that it was not.

{¶ 11} For the purpose of R.C. 119.12(B), "agency" is defined in pertinent part as "any official, board, or commission having authority to promulgate rules or make adjudications in the civil service commission, the division of liquor control, the department of taxation, the industrial commission, the bureau of workers' compensation, the functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state *specifically made subject to sections 119.01 to 119.13 of the Revised Code* and the licensing functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state having the authority or responsibility of issuing, suspending, revoking, or canceling licenses." (Emphasis added.) R.C. 119.01(A)(1). In this matter, BSVI was not an "agency" under this definition because BSVI is not specifically identified as an "agency," and because its function of issuing an adjudication order concerning OVRC's grievance was not either a licensing function or "specifically made subject to sections 119.01 to 119.13 of the Revised Code." The rule governing such an order, Ohio Adm.Code 3304:1-21-14, does not indicate that OVRC may appeal the order pursuant to R.C. 119.12.

{¶ 12} Ohio Adm.Code 3304:1-21-14(A) provides that "OVRC, by a majority vote, may grieve in writing within sixty-five calendar days any action or inaction it determines violates the requirement," outlined in Ohio Adm.Code 3304:1-21-12(G), that "OVRC shall actively participate with BSVI in major administrative decisions and policy and program development with respect to BE." "Active Participation" occurs when BSVI and OVRC "meaningfully collaborate on major administrative decisions and policy and program development decisions affecting overall administration of Ohio's vending facility program." Ohio Adm.Code 3304:1-21-01(B). Once a grievance is filed pursuant to Ohio Adm.Code 3304:1-21-14(A), the "grievant shall be provided with an informal meeting." Ohio Adm.Code 3304:1-21-14(A)(1). If the grievant is dissatisfied with the outcome of the informal hearing, or the grievance remains unresolved for 120 days, the grievant may request an adjudication hearing pursuant to R.C. 119.01 to 119.09. Ohio Adm.Code 3304:1-21-14(A)(2) and (3); Ohio Adm.Code 3304:1-21-14(B). But once BSVI issues an adjudication order concerning an OVRC active participation grievance, Ohio Adm.Code 3304:1-21-14 does not provide for any further appeal, pursuant to R.C. 119.12 or otherwise. *See generally* Ohio Adm.Code 3304:1-21-14.

{¶ 13} Despite no reference to R.C. 119.12 in Ohio Adm.Code 3304:1-21-14, OVRC argues its administrative appeal pursuant to R.C. 119.12 was appropriate based on administrative appeal opportunities given to other BSVI grievants. In particular, OVRC contends BSVI permitted a blind licensee, Kevin Wilford, to file an R.C. 119.12 appeal from a June 2020 BSVI adjudication order addressing his grievance. That order indicated an appeal could be taken in accordance with R.C. 119.12, or a complaint could be filed pursuant to 20 U.S.C. 107d-1. OVRC also relies on *Bruso v. Opportunities for Ohioans with Disabilities*, 10th Dist. No. 15AP-130, 2015-Ohio-3439, which involved a blind licensee, Douglas Bruso, appealing pursuant to R.C. 119.12 from an adverse ruling as to his administrative grievance filed with BSVI. *Id*. at ¶ 1. In *Bruso*, this court ruled on the merits of the appeal, reversed the trial court's judgment, and remanded with instructions for the trial court to direct BSVI to sustain the licensee's grievance. *Id*. at ¶ 13. OVRC reasons that because Wilford and Bruso were provided the opportunity to appeal a BSVI grievance adjudication order pursuant to R.C. 119.12, it also should have had that opportunity. We are unpersuaded.

{¶ 14} The issue of the trial court's subject-matter jurisdiction over the administrative appeal was not raised in *Bruso*, and therefore that case is not controlling as to the jurisdictional issue currently before us. Further, BSVI's statements in prior adjudication orders did not confer jurisdiction on the trial court in this matter relating to OVRC's appeal. Subject-matter jurisdiction is prescribed by law. Thus, a party cannot confer it on a court; nor can it arise based on estoppel. *Thompson & Ward Leasing Co., Inc. v. Ohio State Bur. of Motor Vehicles*, 10th Dist. No. 08AP-41, 2008-Ohio-3101, ¶ 12; *Roth v. Glueck*, 1st Dist. No. C-110780, 2012-Ohio-4407, ¶ 32. Consequently, OVRC's reliance on the Bruso and Wilford matters is misplaced.

{¶ 15} OVRC also argues that it was proper for it to file an administrative appeal pursuant to R.C. 119.12 because it could not challenge BSVI's adjudication order under 20 U.S.C. 107d-1(a), which authorizes "[a]ny blind licensee * * * dissatisfied with any action arising from the operation or administration of the vending facility program * * * [to] submit to a State licensing agency a request for a full evidentiary hearing." If the licensee remains dissatisfied with the agency's decision as to that grievance, "he may file a complaint with the Secretary [of Education] who shall convene a panel to arbitrate the dispute pursuant to section 107d-2 * * * and the decision of such panel shall be final and binding on the parties except as otherwise provided in this chapter." 20 U.S.C. 107d-1(a). OVRC asserts that a challenge of BSVI's adjudication order pursuant to 20 U.S.C. 107d-1 would violate state sovereignty because it would permit the federal government to interpret and apply Ohio law, and that OVRC could not request a hearing or file a complaint pursuant to that federal statute because it is not a "blind licensee." Thus, according to OVRC, its challenge to the BSVI's adjudication order should be resolved by the trial court pursuant to R.C. 119.12. OVRC's reasoning is fundamentally flawed, however, because it assumes OVRC is entitled to appeal BSVI's adjudication order. In Ohio, the right to appeal an administrative order is neither inherent nor inalienable. *Midwest Fireworks Mfg. Co. Inc., supra*. Thus, even assuming OVRC could not request a hearing or file a complaint under 20 U.S.C. 107d-1, this circumstance did not entitle OVRC to an appeal pursuant to R.C. 119.12.

{¶ 16} In sum, R.C. 119.12 did not confer on OVRC the ability to administratively appeal BSVI's adjudication order concerning OVRC's grievance.  Therefore, the trial court did not err in dismissing OVRC's appeal for lack of subject-matter jurisdiction.

{¶ 17} Accordingly, we overrule OVRC's first and second assignments of error.

## IV.  Disposition

{¶ 18} Having overruled OVRC's first and second assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and MENTEL, JJ., concur.