[Cite as *Arndts v. State Teachers Retirement Sys. of Ohio*, 2025-Ohio-3245.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Sha-Ann Arndts, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 25AP-312 |
| v. | : | (Ct. of Cl. No. 2024-00774JD) |
| State Teacher[s] Retirement [System] of Ohio, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on September 9, 2025

**On brief:** *Sha-Ann Arndts*, pro se. **Argued:** *Sha-Ann Arndts.*

**On brief:** *Dave Yost*, Attorney General, *Timothy M. Miller*, and *Camryn E. Hughes*, for appellee. **Argued:** *Timothy M. Miller.*

APPEAL from the Court of Claims of Ohio

DINGUS, J.

{¶ 1} Plaintiff-appellant, Sha-Ann Arndts, appeals from a judgment of the Court of Claims of Ohio dismissing her complaint for lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1). For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On November 4, 2024, Arndts filed an action against defendant-appellant, State Teachers Retirement System of Ohio ("STRS"), alleging her disability benefits were wrongfully terminated in 2016 and not reinstated as required under Ohio law. On December 3, 2024, STRS moved to dismiss the complaint for lack of subject-matter

jurisdiction pursuant to Civ.R. 12(B)(1). Three days later, on December 6, 2024, Arndts filed a duplicate copy of her complaint. On February 12, 2025, she moved for default judgment. Then, on February 21, 2025, the Court of Claims granted STRS's motion to dismiss. The Court of Claims therefore dismissed the complaint for lack of subject-matter jurisdiction and denied as moot Arndts' default judgment motion.

{¶ 3}   Arndts timely appeals.

## II. Assignment of Error

{¶ 4}   Arndts assigns the following sole assignment of error for our review:

> The trial court erred in granting Appellee's motion to Dismiss and failing to grant Appellant's Motion for Default Judgement, thereby denying Appellant due process and a fair hearing.

(Sic passim.)

## III. Discussion

{¶ 5}   In her sole assignment of error, Arndts contends the Court of Claims erred in granting STRS's motion to dismiss and not granting her motion for default judgment. This assignment of error is not well-taken.

{¶ 6}   Civ.R. 12(B)(1) permits a responsive party to seek dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. *Guillory v. Ohio Dept. of Rehab. & Corr.*, 2008-Ohio-2299, ¶ 6 (10th Dist.). Subject-matter jurisdiction involves a court's power to hear and decide a case on the merits. *Lowery v. Ohio Dept. of Rehab. & Corr.*, 2015-Ohio-869, ¶ 6 (10th Dist.). A court must dismiss for lack of subject-matter jurisdiction if the complaint fails to allege any cause of action cognizable in the forum. *Brown v. Levin*, 2012-Ohio-5768, ¶ 14 (10th Dist.). A court's subject-matter jurisdiction cannot be waived and may be raised at any time. *State v. Mbodji*, 2011-Ohio-2880, ¶ 10. And parties cannot confer subject-matter jurisdiction on a court; nor can it arise based on estoppel. *Ohio Vendors Representative Commt. v. Opportunities for Ohioans with Disabilities/Bur. of Servs. for the Visually Impaired*, 2022-Ohio-1252, ¶ 14 (10th Dist.). When subject-matter jurisdiction is challenged, the party claiming jurisdiction bears the burden of demonstrating that the court has jurisdiction over the subject matter. *Pivonka v. Corcoran*, 2020-Ohio-3476, ¶ 34. An appellate court reviews a trial court's decision on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction under a de novo

standard of review.  *Pankey v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2907, ¶ 7 (10th Dist.).

{¶ 7}  We find the Court of Claims correctly determined it lacked subject-matter jurisdiction over Arndts' complaint.  "Under the doctrine of sovereign immunity, 'a state is not subject to suit in its own courts unless it expressly consents to be sued.' " *Smith v. Ohio State Univ.*, 2024-Ohio-764, ¶ 12, quoting *Proctor v. Kardassilaris*, 2007-Ohio-4838, ¶ 7. As amended in 1912, the Ohio Constitution permits "[s]uits [to] be brought against the state, in such courts and in such manner, as may be provided by law."  Ohio Const., art. I, § 16.  In 1975, the General Assembly enacted the Court of Claims Act, R.C. 2743.01 et seq., in which it waived sovereign immunity and consented to be sued and have its liability determined in the Court of Claims.

{¶ 8}  In relevant part, R.C. 2743.02(A)(1) states, "The state hereby waives its immunity from liability . . . and consents to be sued, and have its liability determined, in the [C]ourt of [C]laims created in this chapter in accordance with the same rules of law applicable to suits between private parties."  For this purpose, the "[s]tate" is: "[T]he state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state."  R.C. 2743.01(A).  The Court of Claims "has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity" in R.C. 2743.02.  R.C. 2743.03(A)(1).  Consequently, the Court of Claims' jurisdiction is "tied to the scope of the state's waiver of immunity and consent to be sued in R.C. 2743.02."  *Smith v. Ohio State Univ.*, 2024-Ohio-5887, ¶ 21 (10th Dist.).

{¶ 9}  Here, Arndts sued STRS.  In 1920, the General Assembly established STRS "to pay retirement allowances and other benefits of Ohio public school teachers."  *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 2002-Ohio-2219, ¶ 13, citing R.C. 3307.03, and Buchter, Hastings, Sheeran & Stype, *Ohio School Law*, § T 11.1 at 264 (2001).  *See State ex rel. Retirement Bd. of State Teachers' Retirement Sys. v. Kurtz*, 110 Ohio St. 332, 333-334 (1924), citing 108 Ohio Laws, Part 1, 195 ("The Eighty-Third General Assembly of Ohio passed an act 'to provide a statewide retirement system for teachers in schools supported wholly or in part by public funds.'  This act is to be found in the [former] General Code of

Ohio as Section 7896-1 *et seq.*"). Although STRS is " 'an instrumentality of the state,' "[1] the Court of Claims Act does not apply "[t]o the extent that the state ha[d] previously consented to be sued" in the courts of common pleas. R.C. 2743.02(A)(1). When enacted in 1920, G.C. 7896-2, the predecessor to R.C. 3307.03, expressly stated the STRS board "shall have the right to sue and be sued, plead and be impleaded, contract and be contracted with and do all things necessary to carry out the provisions of this act." *See* R.C. 3307.03 (STRS, through its board, "may sue and be sued, plead and be impleaded, contract and be contracted with, and do all things necessary to carry out such sections."). Because this consent to be sued predates the enactment of the Court of Claims Act, the Court of Claims has no jurisdiction over claims against STRS. Therefore, the Court of Claims lacked subject-matter jurisdiction over Arndts' claims against STRS.

{¶ 10} Further, the Court of Claims lacked subject-matter jurisdiction for an additional reason. Arndts asserts that her complaint filed on December 6, 2024 was an amended complaint, and that she alleged fraud in that amended complaint. But the December 6, 2024 filing was a duplicate of the previously filed complaint. The gravamen of Arndts' complaint against STRS (first filed on November 4, 2024, and then filed as a duplicate again on December 6, 2024) is that she has been harmed because STRS abused its discretion in terminating and not reinstating her disability benefits. *See Guillory*, 2008-Ohio-2299, at ¶ 11 (10th Dist.) ("[I]n order to resolve the issue of whether a court has subject-matter jurisdiction over a party's claims, the court must look beyond the language used in the complaint and examine the underlying nature of the claims."). The Court of Claims determined, and we agree, that Arndts did not present a fraud claim. As stated above, her claim was that STRS wrongfully terminated her disability benefits and did not reinstate them as required under Ohio law. Although Arndts seeks judicial review of these administrative decisions, an STRS board decision concerning a member's disability benefits is not appealable to the courts. *See* R.C. 3307.62. And it is well-settled that "[m]andamus is the appropriate remedy where there is no statutory right of appeal from a decision of a public retirement system." *State ex rel. Cardiff v. State Teachers Retirement Sys. Bd. of Ohio*, 2011-Ohio-4757, ¶ 49 (10th Dist.); *State ex rel. DeMatteo v. State Teachers*

---

[1] *Alternatives Unlimited-Special, Inc. v. Ohio Dept. of Edn.*, 2006-Ohio-4779, ¶ 45 (10th Dist.), quoting *Norris v. State Teachers Retirement Sys.*, 1992 Ohio App. LEXIS 2564, *12 (8th Dist. May 12, 1992).

*Retirement Sys.*, 2018-Ohio-3635, ¶ 26 (10th Dist.).  But the Court of Claims has no jurisdiction over mandamus actions.  *See* R.C. 2731.02 (authorizing the Supreme Court of Ohio, the courts of appeals, or the courts of common pleas to issue writs of mandamus); R.C. 2743.03 (governing the original jurisdiction and incidental powers of the Court of Claims); *Harris v. Ohio Dept. of Veterans Servs.*, 2018-Ohio-2165, ¶ 11 (10th Dist.), quoting *State ex rel. Hahoning Cty. Community Corr. Assn., Inc. v. Shoemaker*, 12 Ohio App.3d 36 (10th Dist. 1983), paragraph two of the syllabus (" '[T]he Court of Claims has no authority to [issue] writs of mandamus [because] [t]hese are extraordinary writs, and are not encompassed within the grant of "full equity powers" to the Court of Claims as found in R.C. 2743.03(A).' ").  Therefore, because Arndts' claim against STRS is only cognizable in mandamus, the Court of Claims lacked subject-matter jurisdiction over her complaint.  For this additional reason, the Court of Claims properly dismissed the complaint.

{¶ 11}  Based on the foregoing, we overrule Arndts' sole assignment of error.

## IV.  Disposition

{¶ 12}  Having overruled Arndts' sole assignment of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

JAMISON, P.J., and LELAND, J., concur.

_____