[Cite as *Arndts v. State Teachers Retirement Sys.*, 2025-Ohio-5484.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Sha-Ann Arndts,                                 :

        Plaintiff-Appellant,        :              No. 25AP-460
                                                (Ct. of Cl. No. 2024-00884JD)

v.                                     :

                                        (REGULAR CALENDAR)

State Teachers Retirement System
of Ohio,                              :

                                        :

        Defendant-Appellee.       :

                                        :

D E C I S I O N

Rendered on December 9, 2025

**On brief:** *Sha-Ann Arndts*, pro se. **Argued:** *Sha-Ann Arndts.*

**On brief:** *Dave Yost*, Attorney General, *Timothy M. Miller*, and *Camryn E. Hughes*, for appellee. **Argued:** *Camryn E. Hughes.*

APPEAL from the Court of Claims of Ohio

DINGUS, J.

{¶ 1} Plaintiff-appellant, Sha-Ann Arndts, appeals from a judgment of the Court of Claims of Ohio dismissing her complaint for lack of subject-matter jurisdiction. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On December 17, 2024, Arndts filed a complaint against defendant-appellee, State Teachers Retirement System of Ohio ("STRS"), alleging her disability benefits originally awarded in 2013 were wrongfully terminated and not reinstated as required under Ohio law. The clerk docketed this complaint in case No. 2024-00884JD. Before filing this action, on November 4, 2024, Arndts filed a complaint against STRS based on

the same set of operative facts. That complaint was docketed in case No. 2024-00774JD. On February 21, 2025, the Court of Claims dismissed the complaint in case No. 2024-00774JD for lack of subject-matter jurisdiction, and in September 2025, this court affirmed that disposition. *Arndts v. State Teachers Retirement Sys. of Ohio*, 2025-Ohio-3245, ¶ 9 (10th Dist.) ("*Arndts I*").

{¶ 3} On March 19, 2025, Arndts filed a motion requesting the Court of Claims to reopen case No. 2024-00774JD. She alleged the clerk should have treated the December 17, 2024 filing as an amended complaint in case No. 2024-00774JD, not as a complaint in a new case. The next day, STRS filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(1) and (6). On March 24, 2025, Arndts moved for default judgment. Three days later, she moved to strike STRS's motion to dismiss.

{¶ 4} In May 2025, the Court of Claims denied Arndts' motion to reopen case No. 2024-00774JD, granted STRS's motion to dismiss, and dismissed Arndts' December 17, 2024 complaint pursuant to Civ.R. 12(B)(1).

{¶ 5} Arndts timely appeals.

## II. Assignments of Error

{¶ 6} Arndts assigns the following four assignments of error for our review:

> [I.] The lower court erred in not granting the appellant's motion to strike the appellee's motion to dismiss.
>
> [II.] The lower court erred in not granting the appellant's motion for default judgement.
>
> [III.] The lower court erred in ruling on an improper motion.
>
> [IV.] The lower court even if they could consider the motion to dismiss still errered in granting the dismissal in the following ways.

(Sic passim.)

## III. Discussion

{¶ 7} Because it resolves this appeal, we first address Arndts' fourth assignment of error, which alleges the trial court erred in granting STRS's motion to dismiss her complaint for lack of subject-matter jurisdiction. This assignment of error lacks merit.

{¶ 8} Subject-matter jurisdiction involves a court's power to hear and decide a case on the merits. *Lowery v. Ohio Dept. of Rehab. & Corr.*, 2015-Ohio-869, ¶ 6 (10th Dist.). A

court must dismiss for lack of subject-matter jurisdiction if the complaint fails to allege any cause of action cognizable in the forum. *Brown v. Levin*, 2012-Ohio-5768, ¶ 14 (10th Dist.). A court's subject-matter jurisdiction cannot be waived and may be raised at any time. *State v. Mbodji*, 2011-Ohio-2880, ¶ 10. And parties cannot confer subject-matter jurisdiction on a court; nor can it arise based on estoppel. *Ohio Vendors Representative Commt. v. Opportunities for Ohioans with Disabilities/Bur. of Servs. for the Visually Impaired*, 2022-Ohio-1252, ¶ 14 (10th Dist.). When subject-matter jurisdiction is challenged, the party claiming jurisdiction bears the burden of demonstrating that the court has jurisdiction over the subject matter. *Pivonka v. Corcoran*, 2020-Ohio-3476, ¶ 34. An appellate court reviews a trial court's decision to dismiss a complaint for lack of subject-matter jurisdiction under a de novo standard of review. *Pankey v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2907, ¶ 7 (10th Dist.).

{¶ 9} Here, Arndts sued STRS. As explained in *Arndts I* at ¶ 9, the Court of Claims has no jurisdiction over claims against STRS. For this reason, we find the Court of Claims correctly determined it lacked subject-matter jurisdiction over Arndts' complaint against STRS.

{¶ 10} Further, as discussed in *Arndts I*, there is an additional reason the Court of Claims lacked subject-matter jurisdiction over Arndts' complaint. Arndts contends that she alleged fraud in her December 17, 2024 complaint. The Court of Claims determined, and we agree, that Arndts did not present a fraud claim. *See Guillory v. Ohio Dept. of Rehab. & Corr.*, 2008-Ohio-2299, ¶ 11 (10th Dist.) ("[I]n order to resolve the issue of whether a court has subject-matter jurisdiction over a party's claims, the court must look beyond the language used in the complaint and examine the underlying nature of the claims."). As in *Arndts I*, the gravamen of Arndts' December 17, 2024 complaint against STRS is that STRS wrongfully terminated her disability benefits and did not reinstate them as required under Ohio law. And as explained in *Arndts I*, such a claim is only cognizable in mandamus. *See id.* at ¶ 10. For this additional reason, the Court of Claims lacked subject-matter jurisdiction and properly dismissed the complaint.

{¶ 11} Because the Court of Claims properly dismissed Arndts' complaint for lack of subject-matter jurisdiction, we overrule her fourth assignment of error.

{¶ 12} Arndts' first assignment of error alleges the Court of Claims erred in not granting her motion to strike STRS's motion to dismiss. Her second assignment of error contends the Court of Claims erred in not granting her motion for default judgment. And, in her third assignment of error, Arndts argues the Court of Claims erred in ruling on an improper motion. These three assignments of error are moot.

{¶ 13} Because a court is powerless to hear a case without subject-matter jurisdiction, a court may sua sponte raise the issue of subject-matter jurisdiction and may dismiss the case if it finds that it lacks subject-matter jurisdiction over it. *Cardi v. State*, 2012-Ohio-6157, ¶ 8 (10th Dist.). *See Adams v. Cox*, 2010-Ohio-415, ¶ 19 (10th Dist.); Civ.R. 12(H)(3) ("[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction on the subject matter, the court shall dismiss the action"). Thus, whether the subject-matter jurisdiction issue is brought to the court's attention by motion or sua sponte is ultimately inconsequential—if the court lacks subject-matter jurisdiction, it has no power to hear the case and must dismiss the action. This means Arndts' assignments of error relating to whether STRS's motion to dismiss was properly before the court, and her assignment of error relating to her request for default judgment, need not be resolved and are therefore moot. *See State v. Gideon*, 2020-Ohio-6961, ¶ 26 ("[A]n assignment of error is moot when an appellant presents issues that are no longer live as a result of some other decision rendered by the appellate court.").

{¶ 14} Accordingly, we find as moot Arndts' first, second, and third assignments of error.

## IV. Disposition

{¶ 15} Having overruled Arndts' fourth assignment of error, and finding as moot her first, second, and third assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

EDELSTEIN and LELAND, JJ., concur.

_____